| | |
|---|---|
| Brian Green,<br><br>                          Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.; Brock & Scott, PLLC,<br><br>                          Defendants. | **CASE NO. 3:19-CV-00075-MOC** |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**COMES NOW** Wells Fargo Bank, N.A. ("Wells") and Brock & Scott, PLLC (Brock & Scott"), by and through their undersigned counsel, and submit this Memorandum of Law in Support of Motion to Dismiss pursuant to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure (the "Rules").

Plaintiff's process is deficient as to Brock & Scott, and Plaintiff failed to properly serve that deficient process upon Brock & Scott. Thus, the Amended Complaint should be dismissed for insufficient process, insufficient service of process, and, consequently, lack of personal jurisdiction, pursuant to Rules 12(b)(4) & (5) of the Rules. In addition, the Amended Complaint should be dismissed for failure to comply with Rule 8(a)(2) & (3) of the Rules and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules.

## PROCEDURAL BACKGROUND

On February 14, 2019, Plaintiff Brian Green ("Plaintiff") initiated this action by filing a Complaint against Defendants Wells Fargo Bank, N.A., Brock & Scott, PLLC and K. Saanval Amin (the "Complaint"). On May 6, 2019, and prior to the issuance of any Summonses or any attempted service of the Complaint, Plaintiff filed an Amended Complaint (the "Amended

19-07676 CXLIT01

Complaint") against Defendants Wells and Brock & Scott (collectively, "Defendants"). On May 7, 2019, Summonses were issued against Defendants. The Summonses and Amended Complaint were received by Defendants via certified mail on or about May 13, 2019. Since (a) service of the Complaint was never attempted prior to the filing of the Amended Complaint, and (b) the Amended Complaint does not include K. Saanval Amin as a named defendant and no Summons was issued as to this person, for purposes of this Memorandum, Defendants shall presume that: (i) the Complaint is a nullity and the only effective pleading is the Amended Complaint; and (ii) K. Saanval Amin is not a party to this action.

## ARGUMENT

**I.   Process is Defective as to Brock & Scott and Attempted Service of Process Failed to Comply with the Rules.**

*A.  The Summons itself is Insufficient as to Brock & Scott.*

Brock & Scott is a professional limited liability company duly organized with the North Carolina Secretary of State. [1] (**Exhibit 1** – North Carolina Secretary of State printout re: Brock & Scott). The Summons issued by this Court to Brock & Scott was not addressed "to an officer, manager, general agent or any other agent authorized by appointment or by law to receive service of process." F.R Civ. P. 4(h). As more fully set forth below, due to the defective Summons, the Complaint should be dismissed as to Brock & Scott in accordance with Rule 12(b)(4).

---

[1] The District Court may take judicial notice of public records, documents attached or sufficiently referred to in the complaint, and documents attachments to a motion to dismiss where such attachments are integral to the complaint and authentic, without converting it to a motion for summary judgment. *Witthohn v. Federal Ins. Co.*, 164 F. Appx. 395, 397 (4th Cir. 2006); *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Garvey v. Seterus, Inc.,* 2017 WL 2722307, FN 6 (W.D.N.C. June 23, 2017).

2

### B. *The Attempted Service of the Summons is Insufficient.*

A Court may not exercise personal jurisdiction over a defendant until "there is a valid service of process upon the Defendant." *Shaver v. Coleemee Volunteer Fire Dept.,* 2008 WL 942560, *1 (M.D.N.C. Apr. 7, 2008) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Rules 12(b)(4) and (5) authorize a defendant to seek dismissal of a civil action for "insufficient process" and/or "insufficient service of process." "A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (internal citations omitted).

Rule 4(h) provides that a plaintiff may perfect service upon an entity such as Brock & Scott either: (1) as set forth "in the manner prescribed by Rule 4(e)(1)," which requires "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Plaintiff's attempted service of process on Brock & Scott failed to comply with either means of service.

In pertinent part, Rule 4(j)(6) of the North Carolina Rules of Civil Procedure states that service may be made upon a corporation:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

3

> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C.G.S. § 1A-1, Rule 4(j)(6)(a)-(d).

Rather than serving the Summons in one of the above-listed methods, Plaintiff mailed the Summons and the Complaint only to Brock & Scott and did not address it to an officer, director, or managing agent. Plaintiff's attempted service fails to comply with the standards of Rule 4(e)(1) or (2), and, thus, is not proper pursuant to either the Federal Rules or North Carolina Rules of Civil Procedure. Therefore, Plaintiff's process, and the service thereof, are insufficient. *See Shaver*, 2008 WL 942560, *2; *Adams v. GE Money Bank*, 2007 WL 1847283, *2-3 (M.D.N.C. June 25, 2007).

North Carolina federal courts have dismissed *pro se* plaintiffs' complaints under Rule 12(b)(4) & (5) where a plaintiff failed to direct process, and the service thereof, to an "officer, director or agent" of a corporate defendant. *See Shaver*, 2008 WL 942560, *2; *Adams v. GE Money Bank*, 2007 WL 1847283, *2-3. The Court in *Shaver* held that "North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant. 'Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.'" *See Shaver*, 2008 WL 942560, *2 (quoting

*Thomas & Howard Co. v. Trimark Catastrophe Serv. Inc.*, 151, N.C. App. 88, 91, 564 S.E.2d 569, 572 (2002) (internal citations omitted).

> The filing of a lawsuit is a serious event, irrespective of its merit. Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

*Id.*

It is undisputed that Plaintiff's process, and the service thereof, did not comply with North Carolina procedural requirements. Therefore, pursuant to Rule 12(b)(4) and/or (5), Plaintiff's Complaint should be dismissed as to Brock & Scott.

## II. Amended Complaint Fails to State a Claim for Relief Upon Which Relief Can Be Granted.

### A. *Standard of Review.*

Rule 12(b)(6) is the appropriate procedure for a party to seek the dismissal of a civil action for "failure to state a claim upon which relief can be granted." F.R Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal and factual sufficiency of a plaintiff' complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Orban v. Nationwide Trustee Servs.*, 2014 WL 6476235, *3 (W.D.N.C. Nov. 19, 2014) (quoting *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 550)). "The facial plausibility standard requires 'the plaintiff to articulate facts, when accepted as true, that 'show' the plaintiff has stated a claim entitling him to relief.'" *Id.*

(quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570)).

The United States Supreme Court has held that the facial plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Whether a complaint is legally sufficient also depends upon whether it meets the pleading standards set forth in Rule 8. *Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 647 (E.D.N.C. 2014). The purpose of Rule 8 is to ensure that a defendant has "adequate notice of the nature of the claim against it." *Id.* Rule 8(a)(2) provides that a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is facially sufficient where a party has pleaded "enough facts to state a claim for relief that is plausible on its face. [N]aked assertions of wrongdoing, devoid of factual enhancement, cannot cross the line between possibility and plausibility of entitlement to relief." *Campbell*, 73 F. Supp. 3d at 648. (internal quotations omitted). "A plaintiff armed with nothing more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' cannot proceed into the litigation process." *Id.* at 193 (quoting *Twombly*, 550 U.S. at 555).

While complaints filed by *pro se* litigants are to be liberally construed, they still must comply with Rule 8. *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005). Rule 8 does not "unlock the door of discovery for a plaintiff armed with nothing more than conclusions." *Tilly v. Citibank NMTC Corp.*, 2013 WL 6579001, *5 (M.D.N.C. Dec. 13, 2013). Federal courts may not ignore a *pro se* plaintiff's failure to allege facts that set forth a cognizable

claim.  *See Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).  "[W]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'"  *Weller v. Dept. of Soc. Serv. of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).  For the following reasons, Plaintiff's Complaint fails to meet the minimum pleading standards, and therefore, fails to state a claim upon which relief can be granted.

### B. *Fair Debt Collection Practices Act Claim should be Dismissed.*

i. Defendants did not fail to properly respond to an FDCPA validation request.

The Amended Complaint alleges only one cause of action – violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (the "FDCPA").  The FDCPA requires, *inter alia*, that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the [such] information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing" certain information, including "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt…and a copy of such verification…will be mailed to the consumer."  15 U.S.C. § 1692g(a)(4).

On August 23, 2018, Wells Fargo, through its counsel Brock & Scott, commenced legal proceedings regarding the $7,053.68 credit card debt Plaintiff owes to Wells Fargo.  A Civil Summons was issued and a State Court Complaint was filed in a state court lawsuit styled "Wells

7

Fargo Bank, N.A. v. Brian Green," Case No. 18 CVD 2151 (Union County) (the "State Court Lawsuit").[2] (**Exhibit 3** – original Civil Summons; **Exhibit 4** – State Court Complaint).

The Amended Complaint asserts that the State Court Complaint constitutes the initial communication. The FDCPA provides that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." 15 U.S.C. § 1692g(d)

The Amended Complaint contains only the following nine (9) factual allegations:

1. Paragraph #10 alleges that "Plaintiff received a collection notice from BROCK dated on or about October 9, 2018 stating that a charge card account # XXXXXXXXXXXX3120, has been assigned to them from WELLS, and they were attempting to collect an alleged balance due on said account $7,053.68." [Doc 8, Am. Compl. ¶ 10].

    a. This is not accurate. The alleged "collection notice" was the Civil Summons and State Court Complaint, which by definition shall not be treated as an initial communication. 15 U.S.C. § 1692g(d).

    b. Plaintiff admits as much in Paragraph #13 of his original Complaint when he states, "On or about October 9, 2018, Plaintiff was served in Union County a civil summons and complaint by Defendant Wells Fargo in care of attorney, Brock for an alleged debt." [Doc. 1, Compl. ¶ 13].

---

[2] Note: Prior to commencing the State Court Lawsuit, on or about June 27, 2018, Brock & Scott, as attorney for Wells Fargo, sent Plaintiff an initial communication which fully and completely complied with Section 1692g(a) of the FDCPA regarding the debt owed to Wells Fargo (the "Initial Communication"). No response to the Initial Communication was received by Defendants. While the Initial Communication was not referenced in or attached to the Amended Complaint, for background and other informational purposes, Defendants mention the Initial Communication and attach a copy hereto as **Exhibit 2**. The existence of the Initial Communication is not critical to Defendants' Motion to Dismiss, because by definition the State Court Complaint is not an initial communication. 15 U.S.C. §1692g(d).

    c. The State Court Complaint does not allege that Plaintiff's account was assigned to by Brock & Scott from Wells.

2. Paragraph #11 alleges that "Plaintiff sent a timely response within 30 days to BROCK on October 11, 2018, disputing the alleged debt and demanding BROCK cease and desist from any further collection activities until they validate the alleged debt." [Doc. 8, Am. Compl. ¶ 11].

    a. To the extent this Paragraph alleges that Plaintiff sent a verification demand under 15 U.S.C. 1692g(b) of the FDCPA in response to an initial communication, this is not accurate. The October 11, 2018 document is more accurately described as, and in fact labeled as, a "Motion to Dismiss" and was filed by Plaintiff in the State Court Lawsuit. (**Exhibit 5 –** 1st Request).

    b. Plaintiff admits as much in Paragraph #14 of the original Complaint. [Doc. 1, Compl. ¶ 14].

    c. While it is also labeled as a "Notice of Dispute" and does contain a request for verification of the debt, it was submitted in response to the State Court Complaint, which by definition shall not be treated as an initial communication. 15 U.S.C. § 1692g(d).

3. Paragraph #12 merely alleges that Brock & Scott received the purported 1st Request on October 15, 2018.

4. Paragraph #13 alleges that "Plaintiff sent a 2nd request to BROCK on October 23, 2018, disputing the alleged debt and demanding BROCK cease and desist from any further collection activities until they validate the alleged debt." [Doc. 8, Am. Compl. ¶ 13].

9

Case 3:19-cv-00075-KDB Document 16 Filed 06/01/19 Page 9 of 18

a. Again, this is not entirely accurate. The October 23, 2018 document, which was filed by Plaintiff in the State Court Lawsuit, is identical to Plaintiff's October 11, 2018 responsive pleading, except it is designated "2nd Request" and has a different date. (**Exhibit 6** – 2nd Request).

b. Plaintiff admits as much in Paragraph #16 of the original Complaint. [Doc. 1, Compl. ¶ 16].

c. As with the 1st Request, the 2nd Request was submitted in response to the State Court Complaint, which by definition shall not be treated as an initial communication. 15 U.S.C. § 1692g(d).

5. Paragraph #14 merely alleges that Brock & Scott received the purported 2nd Request on October 25, 2018.

6. Paragraph #15 alleges that "Plaintiff received a mailing packaged from a third party consumer dated October 26, 2018 from BROCK." [Doc. 8, Am. Compl. ¶ 15].

a. The October 26, 2018 documents from Brock & Scott were the verification and/or validation of debt documents requested by Plaintiff. Despite no legal requirement to do so, Defendants fully and completely responded to Plaintiff's verification request(s). The cover letter clearly states, "Pursuant to your request, please find the enclosed materials you requested that hereby validate the existing debt" (the "Validation"). (**Exhibit 7** – Validation).

b. Plaintiff admits as much in Paragraph #18 of his original Complaint in which he states, "On or about November 2, 2018, Plaintiff received postal service package to an address not pertaining to the Plaintiff for alleged debt from Defendant Brock." [Doc. 1, Compl. ¶ 18].

10

7. Paragraph #16 alleges that "On November 5, 2018, Plaintiff disputed information contained in mailed package sent by BROCK, indicating BROCK communicated information was incomplete and inconclusive regarding the validity of the allege [sic] debt." [Doc. 8, Am. Compl. ¶ 16].

   a. Again, this is not entirely accurate. The November 5, 2018 document, which was filed in the State Court Lawsuit, is labeled as "3rd Request" and "Motion to Dismiss / Notice of Dispute." It states "Thank you [sic] responding to my letter. Unfortunately, you have failed to include a copy of the contract sued upon. You have less than 10 days to provide the contract, or you will be in violation of Fair Debt Collection Practices Act 16 USC § 1692." (**Exhibit 8 – 3rd Request**).

   b. Plaintiff admits as much in Paragraph #19 of the original Complaint. [Doc. 1, Compl. ¶ 19].

   c. As with the 1st and 2nd Requests, the 3rd Request was submitted in response to the State Court Complaint, which by definition shall not be treated as an initial communication. 15 U.S.C. § 1692g(d).

8. Paragraph #17 alleges that Brock & Scott received the purported 3rd Request on October 25, 2018 and failed to respond to Plaintiff with new information.

   a. As more fully described below, the Validation fully complied with Defendants' requirements under the FDCPA. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999).

   b. Thus, Defendants were not required to provide any "new information."

9. Paragraph #18 merely alleges that "[a]ll violation complained of herein occurred within the statute of limitations of the applicable statutes, both state and federal."

Plaintiff's purported 1st, 2nd and 3rd Requests were sent in response to the State Court Complaint. Section 1692g(d) of the FDCPA is clear that the State Court Complaint is not an initial communication which would trigger any requirement for Defendants to respond in accordance with Section 1692g(b). Nevertheless, Defendants fully, completely and timely provided the Validation. (**Exhibit 7**).

> [V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. Consistent with the legislative history, verification is only intended to eliminate the...problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid. There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.

*Chaudhry v. Gallerizzo*, 174 F.3d at 406 (internal citations and quotation marks omitted).

This case is similar to *Garvey v. Seterus, Inc.*, 2017 WL 2722307 (W.D.N.C. June 23, 2017). In that case, the plaintiff alleged defendants violated the FDCPA by attempting "to collect an alleged debt without providing verified evidence they had a right to do so." *Id.* at *1. The United States District Court found that the complaint failed to allege that defendants made any communication with plaintiff because the alleged communications consisted of a notice of appearance and objection to confirmation which were "civil court filings and exempted from being an initial communication by §1692g(d)." *Id* at *9. The Court further found that even if the defendants were obligated to respond to plaintiff's demand notice, the plaintiff did not allege that the defendants failed to respond, instead plaintiff alleged "that he did not receive a response that was sworn and under oath." *Id.* The Court held that Section 1692g(b) only requires the debt collector to "cease collection of the…until the debt collector obtains verification of the debtor…

12

a copy of such verification…is mailed to the consumer by the debt collector." *Id.* (quoting 15 U.S.C. § 1692g(2)).  After citing *Chaudhry*, the Court went on to state that "[a] consumer may not unilaterally mandate that a debt collector comply with conditions that are not contained in the statute….It is without consequence under the FDCPA that the Plaintiff does not consider these documents sufficient to satisfy his personal verification requirement." *Id.*  Accordingly, the Court found that the plaintiff's allegations did not state a violation of Section 1692g of the FDCPA and the dismissed the claim. *Id.*

Similarly in the instant case, Defendants were not obligated to respond to Plaintiff's 1st or 2nd Requests.  However, Defendants did respond and provided Plaintiff with the Validation, which verified the debt.  Defendants had no further obligation under the FDCPA, despite Plaintiff's 3rd Request.  Therefore, Plaintiff's FDCPA cause of action should be dismissed pursuant to Rule 12(b)(6) of the Rules for failure to state a claim upon which relief can be granted.

ii. <u>Defendants did not communicate with any third party.</u>

Wells Fargo, through its counsel Brock & Scott, commenced the State Court Lawsuit on August 23, 2018, by filing the State Court Complaint seeking judgment on the $7,053.68 debt owed by Plaintiff to Wells Fargo, and the issuance of a Civil Summons.  (**Exhibits 3 & 4**).  The State Court Complaint indicates that Wells Fargo made demand upon Plaintiff for payment, but Plaintiff has failed, neglected and refused to make payment.  (**Exhibit 4**).  Attached to the State Court Complaint is an Affidavit from Wells Fargo which verifies and validates the debt by, *inter alia*, attaching as exhibits thereto copies of the Consumer Credit Card Customer Agreement & Disclosure Statement and two (2) statements of Plaintiff's credit card account.  (**Exhibit 4**).

Defendants attempted to serve the Civil Summons and State Court Complaint on Plaintiff at 113 Indian Trail Rd N Ste 280, Indian Trail, NC 28079 ("Suite 280 Address"); however, Brock & Scott's diligent efforts to do so were unsuccessful. These efforts included sending the Union County Sheriff's Department to the Suite 280 Address. The Sheriffs Return of Service provides that Plaintiff was not served because "The address doesn't exist." (**Exhibit 9** – returned original Summons).

Defendants obtained an alternate address for Plaintiff at 2024 Holly Villa Cir, Indian Trail, 28079 (the "Residence"). As evidenced by the Union County Tax Records, Plaintiff is the record owner of the Residence and has been since 2005, and upon information and belief the Residence is (and at all relevant times has been and continues to be) his primary residence. (**Exhibit 10 –** Union County Tax Records). On September 28, 2018, an Alias & Pluries Civil Summons was issued for Plaintiff at the Residence. On October 8, 2018, the Union County Sheriff's Department successfully served Plaintiff at the Residence by personally delivering to Plaintiff a copy of the new Civil Summons and State Court Complaint. (**Exhibit 11 –** A&P Civil Summons). This Sheriff's service of process on October 8, 2018, is when Plaintiff alleges he "received a collection notice from BROCK." [Doc. 8, Am. Compl. ¶ 10].

Rather than defend the State Court Lawsuit on its merits, Plaintiff included a "Notice of Dispute" within his Motion to Dismiss. Despite no obligation to do so, Defendants ceased all collection of the debt and sent Plaintiff the October 26, 2018 Validation. (**Exhibit 7**). The Validation was mailed to the only valid address Defendants had for Plaintiff, which was the Residence.

Apparently, Plaintiff alleges that the Validation should not have been sent to the Residence; however, despite his assertion to the contrary, the Residence is a valid address for

14

Plaintiff because Plaintiff acknowledges that he received the Validation. [Doc 1, Compl. ¶ 18; Doc 8, Am. Compl. ¶ 15]. The Validation was submitted to an address confirmed by the Union County Sheriff's Return of Service executed in accordance with applicable state law. (**Exhibit 11**); N.C.G.S. § 1-75.10(a)(1)(a). Defendants do not know to what "third party consumer" Plaintiff is referring to in Paragraph 15 of the Amended Complaint, and the Amended Complaint fails to set forth any facts in support of this assertion.

To the extent Plaintiff contends that Defendants, by mailing the Validation to the Residence, communicated with a third party in connection with the collection of his debt, the Amended Complaint fails to allege that Defendants ever communicated with any third party. Rather, Defendants mailed the Validation to the best and only address it had for Plaintiff, which was confirmed by the Union County Sheriff's Department. Not only were Defendants' prior attempts to serve Plaintiff at the Suite 280 Address unsuccessful, but the Sheriff's Department notified Defendants that such address did not exist. Defendants have continued to serve Plaintiff in the State Court Lawsuit at the Residence, without complaint or incident, and Plaintiff has admitted receiving State Court Lawsuit pleadings at that address. As such, Plaintiff has failed to allege any facts in support of his contention that Defendants violated a FDCPA prohibition regarding communication with a third party. Therefore, Plaintiff's FDCPA cause of action should be dismissed pursuant to Rule 12(b)(6) of the Rules for failure to state a claim upon which relief can be granted.

### C. N.C.G.S. § 75-1.1(a)(b) Claim should be Dismissed.

While not set forth as a separate cause of action, the Amended Complaint purportedly alleges violation of N.C.G.S. § 75-1.1(a)(b). [Doc. 8, Am. Compl. ¶ 1, 15]. The only factual allegation in support thereof is the allegation that Plaintiff's alleged receipt of the Validation

"from a third party consumer" is "a deceptive practice in violation of N.C. Gen Stat. § 75-1.1(a)(b). Plaintiff has failed to set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief" or "a demand for the relief sought" as required by Rule 8(a)(2) & (3). F.R. Civ. P. R. 8(a). To the extent, it is determined that Plaintiff properly alleged such a cause of action, for the reasons set forth above, Defendants have not committed any unfair or deceptive practices in or affecting commence. Accordingly, if such a cause of action was alleged, then it should be dismissed pursuant to Rule 8(a) and/or Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

At its essence, the Amended Complaint alleges that Defendants violated the FDCPA, because: (1) Plaintiff incorrectly deemed the State Court Complaint to be an initial communication; (2) Plaintiff erroneously concluded Defendants were required to send additional information based upon Plaintiff's unilateral, and erroneous, determination that the Validation was incomplete and inconclusive; and (3) Brock & Scott mailed the Validation to the Residence, an address verified by the Union County Sheriff's Department to be Plaintiff's residence

The alleged FDCPA violations all stem from Plaintiff's improper treatment of the State Court Complaint as an initial communication. Section 1692g(d) states that formal pleadings in a civil action, such as the State Court Complaint, is not an initial communication. Thus, Defendants were not required to provide *any* validation in response to the 1st and 2nd Requests. Even assuming that Defendants had an obligation to respond, Plaintiff does not allege that they failed to respond. Instead, Plaintiff alleges in the 3rd Request that the response was insufficient; however, the case law is well-settled that Defendants' response complies with Section 1692g(b).

In addition, the Residence is not only a valid address for Plaintiff (as confirmed by the Union County Sheriff's Department), but it appears to be Plaintiff's primary residence since 2005. Accordingly, Defendants did not communicate with a third party regarding Plaintiff's debt by sending the Validation to the Residence.

Since the claim under N.C.G.S. § 75-1.1(a)(b), to the extent one has been alleged, is predicated upon the same factual allegations as the FDCPA cause of action, this claim should be dismissed upon the same grounds. In addition, Brock & Scott was never properly served in this action. Accordingly, the Amended Complaint should be dismissed pursuant to Rule 8(a)(2) & (3) and Rule 12(b)(4), (5) & (6).

**WHEREFORE**, for the foregoing reasons and the reasons sets forth in Defendants' Motion to Dismiss filed contemporaneously herewith, which is incorporated herein by reference, Defendants respectfully pray that the Court dismiss the Complaint with prejudice.

Respectfully submitted this 1st day of June, 2019.

/s/ Alan M. Presel
Alan M. Presel, NC Bar #24470
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone: 704-643-0290
Facsimile: 704-553-7225
Alan.Presel@brockandscott.com
*Attorneys for Defendants Wells Fargo Bank, N.A., Brock & Scott, PLLC*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>                Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.; Brock & Scott, PLLC,<br><br>                Defendants. | **CASE NO. 3:19-CV-00075-MOC** |

**CERTIFICATE OF SERVICE**

This is to certify that on this date the undersigned has electronically filed the foregoing **Memorandum of Law in Support of Motion to Dismiss** with the Clerk of Court using the CM/ECF system. This is to further certify that on this date the undersigned has served, or caused to be served, the foregoing upon *pro se* Plaintiff by placing a copy of the same in a postage paid envelope addressed to the person hereafter named, return address clearly indicated, to the place and address stated below, which is the last known address, and by depositing said envelope in the U.S. Mail:

        Brian Green
        113 Indian Trial Road North, Suite 280
        Indian Trial, NC 28079
        *Pro Se* Plaintiff

Respectfully submitted this 1st day of June, 2019.

        /s/ Alan M. Presel
        Alan M. Presel, NC Bar #24470
        BROCK & SCOTT, PLLC
        8757 Red Oak Blvd., Suite 150
        Charlotte, NC 28217
        Telephone: 704-643-0290
        Facsimile: 704-553-7225
        Alan.Presel@brockandscott.com
        *Attorneys for Defendants Wells Fargo Bank,*
        *N.A., Brock & Scott, PLLC*