IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00075-KDB

| BRIAN GREEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BROCK & SCOTT, PLLC | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Brock & Scott, PLLC's ("B&S") (collectively, "Defendants") Motion to Dismiss (Doc. No. 15) Plaintiff Brian Green's ("Plaintiff") Amended Complaint. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED.**

## I. RELEVANT BACKGROUND

This is an action based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and North Carolina law (N.C. Gen. Stat. § 75–1.1). Plaintiff initiated this action on February 18, 2019 by filing a complaint against Defendants and an individual named K. Saanval Amin in this Court. (Doc. No. 1, the "Original Complaint.") Plaintiff did not serve the Original Complaint on any party, and subsequently filed an amended complaint on May 6, 2019. (Doc. No. 8, the "Amended Complaint.") The Amended Complaint does not include K. Saanval Amin as a defendant.[1] On May 7, 2019, Summonses were issued

---

[1] Because the Original Complaint was never served on Defendants, the Court will treat the Amended Complaint as the effective pleading. The Court also interprets the Amended Complaint to mean that Plaintiff intended to drop his claims against K. Saanval Amin.

1

against Defendants. Defendants allege they received the Summonses and Amended Complaint via certified mail on or about May 13, 2019. (Doc. No. 16, at 2.)

The Amended Complaint alleges that on or about October 9, 2018, B&S sent Plaintiff a "collection notice" regarding a $7,053.68 debt stemming from a Wells Fargo charge card. (Doc. No. 8, ¶ 10.) It further alleges that Plaintiff sent a "timely response" to B&S "disputing the allege [sic] debt and demanding [B&S] cease and desist from any further collection activities until they validate the alleged debt." (*Id.* at ¶ 11.) Plaintiff alleges he sent another request for verification on October 23, 2018. (*Id.* at ¶ 13.) Plaintiff then "received a mailing packaged [sic] from a third party consumer dated October 26, 2018 from [B&S]" allegedly in violation of the FDCPA and North Carolina's unfair and deceptive trade practices statute. (*Id.* at ¶ 15.) Finally, Plaintiff alleges the "mailed package" he received was "incomplete and inconclusive regarding the validity of the allege [sic] debt." (*Id.* at ¶ 16.) As a result, Plaintiff sent a third request for information regarding the debt to B&S on November 5, 2018. (*Id.*) Plaintiff alleges that B&S never responded. (*Id.* at ¶ 17.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007).

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process, which is "fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999). Absent waiver of service of process or consent, a plaintiff's failure to effect proper service of process deprives the court of personal

jurisdiction over a defendant.[2]  *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). A plaintiff has the burden to show that she effected service of process properly and that the court has personal jurisdiction over all defendants. *See Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished).  "The real purpose of service of process is to give notice to the defendant, and mere technicalities should not stand in the way of consideration of a case on its merits." *Id.* at 304 (brackets, internal citations, and quotation marks omitted).  "'Actual notice,' however, is not the controlling standard." *Id.*  Although courts typically liberally construe rules governing service of process when the defendant receives actual notice, the rules "'are there to be followed, and plain requirements may not be ignored.'" *Id.* (ellipses omitted) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).  In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'"

---

[2] *Pro se* litigants are not exempt from the Federal Rules of Civil Procedure. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam) (unpublished).

*Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000).

The standard for evaluating the sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Notwithstanding the court's obligation to liberally construe a *pro se* plaintiff's allegations, however, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

## III. DISCUSSION

### A. Personal Jurisdiction over B&S

B&S moves to dismiss Plaintiff's Amended Complaint for insufficient process pursuant to Fed. R. Civ. P. 12(b)(4). (Doc. No. 16, at 2.) Specifically, B&S argues that the Summons issued by the Court to B&S was not addressed to an "officer, manager, general agent, or other agent authorized by appointment or by law to receive service of process" as required by Fed. R. Civ. P. 4(h). (*Id.*) In response, Plaintiff argues that because B&S answered the Amended Complaint, it has accepted service and therefore waived service. (Doc. No. 24, at 4.)

Rule 4(h) provides that any domestic corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served by either (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and by also mailing a copy of each to the defendant. *See* Fed. R. Civ. P. 4(e)(1), (h). North Carolina Rule of Civil Procedure 4(j)(6) provides that domestic corporations may be served by any of the following methods:

   a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

   b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

      c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

      d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. Ann. 1A-1, 4(j)(6). The Summons indicates Plaintiff chose to effect service by certified mail, but addressed the Summons to B&S without direction to an "officer, director, or agent." (Doc. No. 11.)

While Plaintiff argues that B&S received actual notice of the lawsuit and therefore the error should be ignored, that is not the standard. "North Carolina law requires strict compliance with the service of process statutes, even where it is clear, as here, that a defendant has received actual notice of the action." *Hoyle v. United Auto Workers Local Union 5285*, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006). *See also Philpott v. Kerns*, 285 N.C. 225, 228 (1974) (actual notice not a substitute for valid service in accordance with the statute); *Greenup v. Register*, 104 N.C. App. 618, 620 (1991) (service of process statute "must be construed strictly and the prescribed procedure must be followed strictly").

The issue before the Court is identical to the one considered in *Shaver v. Cooleemee Volunteer Fire Dep't*, No. CIV.A. 1:07CV00175, 2008 WL 942560 (M.D.N.C. Apr. 7, 2008). There, the *pro se* plaintiff mailed the summons solely to the corporate defendant without direction to any "officer, director or agent." *Id.* at *2. Even though the corporate defendant had actual notice of the suit, the court dismissed the complaint for deficient service of process. *Id. See also Adams v. GE Money Bank,* No. 1:06cv00227, 2007 WL 1847283, at *2–3 (M.D.N.C. June 25, 2007) (dismissing complaint for deficient service of process where summons was

mailed to corporate defendant generally, not an officer, director or agent). In both *Shaver* and *Adams*, the courts looked to North Carolina's requirement that service rules be strictly construed. "Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred." *Shaver*, 2008 WL 942560 at *2. For this reason, service of B&S was deficient. The Court therefore lacks personal jurisdiction over B&S, and the Motion to Dismiss Plaintiff's claims against B&S must be granted pursuant to Rule 12(b)(5).

### B. FDCPA violations

Even if Plaintiff had properly served B&S, the Court would still grant Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) as Plaintiff has failed to state any cognizable claim for violation of the FDCPA as to either Defendant. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996) (citing 15 U.S.C. § 1692e). Every FDCPA claim must establish three prima facie elements: (1) "the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by act or omission a provision of the FDCPA." *Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997). In the present case, Defendants do not challenge whether Plaintiff's Amended Complaint satisfies the first two elements. (Doc. No. 8, at 7, 13.) Thus, the sole issue before the Court is whether Plaintiff has sufficiently pled the third element for each individual charge.

1. Alleged Violation of Section 1692g

Subsection 1692g(a) requires a debt collector to provide, in its initial communication with a consumer or within five days of that time, a debt validation notice informing the consumer of his or her right to dispute the validity of the debt. *United States v. Nat'l Fin. Servs.,* 98 F.3d 131, 139 (4th Cir. 1996); 15 U.S.C. § 1692g(a). If, upon receipt of this notice, "the consumer notifies the debt collector in writing within the thirty-day period described in [§1692g(a)] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . ." 15 U.S.C. § 1692g(b). While the Act does not define the term "verification" nor explain what constitutes sufficient verification, the Fourth Circuit has held that

> verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. . . . There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.

*Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (citations and quotations omitted).

In the Amended Complaint, Plaintiff alleges he received a "collection notice" from B&S on October 9, 2018. (Doc. No. 8, at ¶ 10.) He further alleges that he "sent a timely response" to B&S "disputing the alleged debt and demanding [B&S] cease and desist from any further collection activities until they validate the alleged debt." (*Id.* at ¶ 11.) B&S then sent Plaintiff[3] a "mailed package" that Plaintiff contends was "incomplete and inconclusive regarding the

---

[3] Plaintiff contends that he received a package "sent by [B&S]" from a "third party consumer." (Doc. No. 8, at ¶ 15.) On this basis, Plaintiff alleges that B&S violated the FDCPA by communicating information about Plaintiff's debt to a third-party. These allegations are discussed *infra.* Regardless of Plaintiff's allegations about who provided him with the package mailed by B&S, Plaintiff did, in fact, receive it.

8

validity of the allege [sic] debt." (*Id.* at ¶ 16.) On this basis, Plaintiff alleges that B&S violated § 1692c(b). (*Id.* at ¶ 17.) The Court understands from context that this is a typographical error, and that Plaintiff intended to allege that this conduct violated § 1692g(b) and § 1692g(a).

Defendants argue that Plaintiff's claim for a violation of § 1692g should be dismissed because the alleged "collection notice" Plaintiff received on October 9, 2018 was actually a Civil Summons and State Court Complaint. (Doc. No. 16, at 14.) Defendants attach the state court filings to their motion.[4] (Doc. Nos. 16–3; 16–4.) Defendants also point out that in Plaintiff's Original Complaint, Plaintiff referred to the "collection notice" as a "civil summons and complaint." (Doc. No. 1, at ¶ 13.)

While Plaintiff refers to the state court filings as a "collection notice" in the Amended Complaint, the Court is not bound to accept Plaintiff's allegations as true where they are contradicted by matters properly subject to judicial notice. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Here, matters of public record, including Plaintiff's Original Complaint, establish that the "collection notice" Plaintiff allegedly received was actually a filed and served State Court Complaint. Civil pleadings are not "initial communications" covered by 1692g(a). *See* 15 U.S.C. § 1692g(d) (providing that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section."); *see also Carlin v. Davidson Fink LLP*, 852 F.3d 207, 213 (2d Cir. 2017) (holding that foreclosure complaint and documents "superfluously" attached thereto were not initial communications within the meaning of the FDCPA). Therefore, Defendants were not obligated

---

[4] The Court takes judicial notice of the State Court Complaint and Summons. *Phillips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that "[i]n reviewing a Rule 12(b)(6) dismissal, [the Court] may properly take judicial notice of matters of public record" as well as "consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic").

9

to provide any verification of the debt to Plaintiff when they served the State Court Complaint, nor were Defendants obligated to respond to Plaintiff's subsequent request for verification under § 1692g(b). In light of the fact that Defendants did not make an initial communication as defined by the FDCPA, it is not apparent that any further amendment to Plaintiff's Amended Complaint could result in Plaintiff stating a valid claim against Defendants under § 1692g. For this reason, the Court dismisses Plaintiff's § 1692g claim with prejudice.

2. Alleged Violation of Section 1692c

The Amended Complaint also alleges that "Plaintiff received a mailing packaged [sic] from a third party consumer dated October 26, 2018 from [B&S]." (Doc. No. 8, at ¶ 15.) On this basis, Plaintiff alleges a violation of § 1692c(b).[5] § 1692c(b) prohibits a debt collector from communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

The facts alleged in the Amended Complaint are insufficient to state a cognizable claim under this statute. Pursuant to Rule 8(a), a pleading must contain sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Giarratano v. Johnson*, 521 F.3d 298, 304, n.5 (4th Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89 (2007)). The alleged facts are insufficient to give Defendants fair notice of the grounds for Plaintiff's claim that they unlawfully communicated with a third party consumer regarding Plaintiff's debt. Specifically, the Amended Complaint fails to allege that B&S or Wells Fargo took any specific actions that violated § 1692c. Despite consideration of Plaintiff's *pro se* status,

---

[5] Plaintiff also alleges this conduct violates "15 U.S.C. 1692(a)(e)." § 1692a contains definitions applicable to the FDCPA, not enforceable provisions.

the Court cannot accept Plaintiff's conclusion that Defendants violated Section 1692c as a satisfactory pleading under Rule 8. Accordingly, Plaintiff's claim for a violation of § 1692c is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### C. State Law Claim

Finally, Plaintiff alleges Defendants violated N.C. Gen. Stat. § 75–1.1(a)(b). N.C. Gen. Stat. § 75–1.1(a) prohibits covered entities from engaging in "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." Plaintiff bases his state law claim on the same facts as his claim for violation of § 1692c. Accordingly, for the same reasons the Court dismisses Plaintiff's § 1692c claim, the Court also dismisses Plaintiff's claim for a violation of N.C. Gen. Stat. § 75–1.1.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED THAT** Defendants Wells Fargo Bank, N.A. and Brock & Scott, PLLC's Motion to Dismiss (Doc. No. 15) is **GRANTED.** Plaintiff's claim brought pursuant to 15 U.S.C. § 1692g is **DISMISSED WITH PREJUDICE**. Plaintiff's claims bought pursuant to 15 U.S.C. § 1692c and N.C. Gen. Stat. § 75–1.1 are **DISMISSED WITHOUT PREJUDICE**. The Clerk is further directed to terminate K. Saanval Amin as a defendant in this action.

Signed: August 12, 2019

Kenneth D. Bell
United States District Judge