# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00075-KDB

| | |
|---|---|
| **BRIAN GREEN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WELLS FARGO BANK, N.A.;**<br>**BROCK & SCOTT, PLLC,**<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit, (Doc. No. 30), directing this Court to determine if Plaintiff Brian Green ("Plaintiff") should be afforded another opportunity to amend his complaint or if his claims should be dismissed with prejudice, thereby rendering the Court's prior dismissal order, (Doc. No. 25), a final, appealable judgment.

Plaintiff initiated this action on February 18, 2019 alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and North Carolina law (N.C. Gen. Stat. § 75-1.1). In an order dated August 12, 2019, the Court dismissed with prejudice Plaintiff's claims against Defendant Brock & Scott, PLLC for insufficient service of process and Plaintiff's claim pursuant to 15 U.S.C. § 1692(g) (2018) against all Defendants. The order dismissed without prejudice Plaintiff's claims under 15 U.S.C. § 1692c(b) (2018) and N.C. Gen. Stat. § 75-1.1(a)-(b) (2018) for failure to state a claim. Rather than amend his complaint, Plaintiff appealed the Court's dismissal order.

On appeal to the Fourth Circuit, Plaintiff did not challenge the basis for the Court's dismissal with prejudice of his claims against Brock & Scott, PLLC for insufficient service or his

claim under 15 U.S.C. § 1692(g). (Doc. No. 30, at 2). The Fourth Circuit affirmed the Court's judgment as to dismissal of those two claims. As to Plaintiff's appeal of the Court's dismissal without prejudice of his claims under 15 U.S.C. § 1692c(b) and N.C. Gen. Stat. § 75-1.1(a)-(b), the Fourth Circuit held the dismissal order was neither a final order nor an appealable interlocutory or collateral order and dismissed Plaintiff's appeal in part for lack of jurisdiction. The Fourth Circuit remanded the case directing the Court, in its discretion, "either to afford [Plaintiff] another opportunity to amend or dismiss these claims with prejudice, thereby rendering the dismissal order a final, appealable judgment." (Doc. No. 30, at 3).

Keeping in mind that "[t]he court should freely give leave [to amend] when justice so requires" and that Plaintiff is proceeding *pro se*, the Court will afford Plaintiff another opportunity to amend his complaint. Fed. R. Civ. P. 15(a)(2); *see also HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001); *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1972). Such amended complaint must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against remaining Defendant Wells Fargo Bank, N.A. Fed. R. Civ. P. 8(a)(2). The amended complaint must clearly set forth the factual allegations that support Plaintiff's claims. Filing an amended complaint that fails to address the deficiencies previously identified by the Court in the dismissal order, (Doc. No. 25), will likely result in this action being dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff shall have **thirty (30) days** from the entry of this Order to file an amended complaint that cures the deficiencies previously identified by the Court.

**SO ORDERED.**

Signed: February 3, 2020

Kenneth D. Bell
United States District Judge