UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>        Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.; Brock & Scott, PLLC,<br><br>        Defendants. | CASE NO. 3:19-CV-00075-KDB |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AND/OR MOTION TO DISMISS SECOND AMENDED COMPLAINT

**NOW COME** Wells Fargo Bank, N.A. ("Wells Fargo"); Brock & Scott, PLLC (Brock & Scott") and K. Saanval Amin ("Amin") (collectively, "Defendants"), by and through their undersigned counsel, and submit this Memorandum of Law in Support of Motion to Strike and/or Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Rules").

Based upon the facts that Wells Fargo was voluntarily dismissed from this action, Brock & Scott was previously dismissed with prejudice and Amin was previously voluntarily dismissed from this action, and pursuant to the doctrines of *res judicata* and/or collateral estoppel, Plaintiff's Second Amended Complaint should be stricken pursuant to Rule 12(f) of the Rules. In addition, Plaintiff's Second Amended Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) & (6) of the Rules.

## PROCEDURAL BACKGROUND

On February 14, 2019, Plaintiff Brian Green ("Plaintiff") initiated this action by filing a Complaint against Defendants Wells Fargo Bank, N.A., Brock & Scott, PLLC and K. Saanval Amin (the "Complaint"). **[D.E. 1]** On May 6, 2019, and prior to the issuance of any Summonses or any attempted service of the Complaint, Plaintiff filed an Amended Complaint (the "First Amended Complaint") against Defendants Wells Fargo and Brock & Scott. **[D.E. 8]** On June 1, 2019, Wells Fargo and Brock & Scott filed a Motion to Dismiss the First Amended Complaint. **[D.E. 15]**

On August 12, 2019, this Court granted the Motion to Dismiss, and dismissed with prejudice claims brought under 15 U.S.C. § 1692g; and dismissed without prejudice claims brought under 15 U.S.C. § 1692c and N.C.G.S. § 75-1.1. **[D.E. 25]** In addition, this Court interpreted "the [First] Amended Complaint to mean that Plaintiff intended to drop his claim against K. Saanval Amin" and directed the Clerk "to terminate K. Saanval Amin as a defendant in this action." **[D.E. 1; p. 1, fn #1 & p. 11]**

On August 26, 2019, Plaintiff filed a Notice of Appeal to the United States Court of Appeal for the Fourth Circuit with respect to the August 12, 2019 Order granting the Motion to Dismiss. On January 23, 2020, the Fourth Circuit Court of Appeals issued its opinion regarding Plaintiff's appeal. The Fourth Circuit's opinion affirmed this Court's dismissal with prejudice of all claims against Brock & Scott and all claims under 15 U.S.C. § 1692(g), and remanded the remaining claims to this Court to, in this Court's discretion, "either afford [Plaintiff] Green another opportunity to amend or dismiss these claims with prejudice, thereby rendering the dismissal order a final appealable judgment." **[Opinion, p. 3]** On February 3, 2020, on remand, this Court entered an Order which afforded "Plaintiff another opportunity to amend his

complaint. Such amended complaint must contain a 'short and plain statement of the claim' showing that Plaintiff is entitled to relief against remaining Defendant Wells Fargo Bank, N.A." (citations omitted) **[D.E. 31, p. 2]**

On March 2, 2020, Plaintiff filed a Second Amended Complaint which expressly "removes Defendant Wells Fargo Bank, N.A. from Original Complaint, First Amended Complaint, and adds Defendant K. Saanval Amin to Second Amended Complaint." **[D.E. 33, p. 2]**

## ARGUMENT

### I. <u>Wells Fargo is No Longer a Party to this Action.</u>

The Fourth Circuit's August 12, 2019 opinion ordered that upon remand either the remaining claims against Wells Fargo be dismissed with prejudice or Plaintiff be afforded another opportunity to amend his complaint regarding these claims. In its February 3, 2020 Order, this Court afforded Plaintiff another opportunity to amend his complaint against Wells Fargo, and advised Plaintiff that "[f]iling an amended complaint that fails to address the deficiencies previously identified by the Court in this dismissal order (Doc No. 25), will likely result in this action being dismissed with prejudice." **[D.E. 31, p. 2]**

Rather than take advantage of said opportunity, Plaintiff expressly "remove[d] Defendant Wells Fargo Bank, N.A." from this action. **[D.E. 33, p. 2]** Accordingly, not only should all claims against Wells Fargo be dismissed with prejudice based upon Plaintiff's failure to comply with this Court's February 3, 2020 Order, but Wells Fargo should be deemed terminated from this action due to Plaintiff's voluntary, affirmative act of removing said party and, since Wells Fargo was the sole remaining defendant, this entire action should be dismissed with prejudice, terminated and/or otherwise closed.

3

## II. Brock & Scott previously Dismissed With Prejudice.

The Fourth Circuit affirmed the dismissal with prejudice of all claims alleged against Brock & Scott. **[Opinion, p. 2]** On remand, this Court afforded Plaintiff another opportunity to amend his complaint only with respect to claims against Wells Fargo, and advised Plaintiff that "[f]iling an amended complaint that fails to address the deficiencies previously identified by the Court in this dismissal order (Doc No. 25), will likely result in this action being dismissed with prejudice." **[D.E. 31, p. 2]**

Rather than take advantage of said opportunity to amend the First Amended Complaint with respect to claims alleged against Well Fargo, Plaintiff filed a Second Amended Complaint which purportedly revised and/or inserted additional claims against Brock & Scott. Pursuant to the August 12, 2019 Order of this Court, Brock & Scott was dismissed with prejudice from this action. **[D.E. 25]** Plaintiff appealed that Order, and the Fourth Circuit affirmed this Court's dismissal with prejudice as to all claims against Brock & Scott. Accordingly, Brock & Scott is no longer a party to this action.

Moreover, having previously amended his Complaint once as a matter of course, Plaintiff was not permitted to further amend said pleading without the opposing party's written consent or leave of this Court. Fed R. Civ. P. 15(a)(2). No Defendant consented to such an amendment and the amendments set forth in the Second Amended Complaint far exceed the scope of the leave to amend granted in this Court's February 3, 2020 Order. Therefore, the Second Amended Complaint should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

In the alternative, as set forth above, Brock & Scott was dismissed with prejudice from this action. Pursuant to the August 12, 2019 Order of this Court and the doctrines of *res judicata* and/or collateral estoppel, this Court lacks jurisdiction and the Second Amended Complaint fails

4

to state a claim upon which relief can be granted.  Therefore, the Second Amended Complaint should be dismissed pursuant to Rule 12(b)(1) & (6) of the Federal Rules of Civil Procedure.

### III.     Amin was previously Voluntarily Dismissed.

Plaintiff's original Complaint named Amin as a Defendant.  **[D.E. 1]**  Subsequently, Plaintiff filed the First Amended Complaint against only Defendants Wells and Brock & Scott.  **[D.E. 8]**  In the August 12, 2019 Order granting the Motion to Dismiss, this Court interpreted "the Amended Complaint to mean that Plaintiff intended to drop his claim against K. Saanval Amin" and directed the Clerk "to terminate K. Saanval Amin as a defendant in this action." **[D.E. 1; p. 1, fn #1 & p. 11]**

The Fourth Circuit affirmed the dismissal with prejudice of all claims alleged against Brock & Scott.  **[Opinion, p. 2]**  On remand, this Court afforded Plaintiff another opportunity to amend his complaint only with respect to claims against Wells Fargo, and advised Plaintiff that "[f]iling an amended complaint that fails to address the deficiencies previously identified by the Court in this dismissal order (Doc No. 25), will likely result in this action being dismissed with prejudice."  **[D.E. 31, p. 2]**

Rather than take advantage of said opportunity to amend the First Amended Complaint with respect to alleged claims against Well Fargo, Plaintiff filed a Second Amended Complaint which purportedly "adds Defendant K. Saanval Amin to Second Amended Complaint."  **[D.E. 33, p. 2]**  Pursuant to the August 12, 2019 Order of this Court, Amin was ordered terminated as a defendant in this action. **[D.E. 1, p. 11]**   Although Plaintiff appealed that Order, the termination of Amin was not raised as an issue by Plaintiff.  Accordingly, Amin is no longer a party to this action.

5

Moreover, having previously amended his Complaint once as a matter of course, Plaintiff was not permitted to further amend said pleading without the opposing party's written consent or leave of this Court. Fed R. Civ. P. 15(a)(2). No Defendant consented to such an amendment and the amendments set forth in the Second Amended Complaint far exceed the scope of the leave to amend granted in this Court's February 3, 2020 Order. Therefore, the Second Amended Complaint should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

In the alternative, as set forth above, Amin was previously voluntarily dismissed from this action by Plaintiff. In addition, Amin incorporates by reference, as if fully set forth herein, any and all arguments set forth in Defendants' Memorandum in Support of Motion to Dismiss previously filed on June 1, 2019. **[D.E. 16]** Pursuant to the August 12, 2019 Order of this Court and the doctrines of *res judicata* and/or collateral estoppel, this Court lacks jurisdiction and the Second Amended Complaint fails to state a claim upon which relief can be granted. Therefore, the Second Amended Complaint should be dismissed pursuant to Rule 12(b)(1) & (6) of the Federal Rules of Civil Procedure.

## CONCLUSION

Through the First Amended Complaint, Plaintiff voluntarily terminated Amin from this action. This Court dismissed with prejudice Brock & Scott from this action, and on appeal the Fourth Circuit affirmed said dismissal. Through the Second Amended Complaint, Plaintiff voluntarily terminated Wells Fargo from this action. Accordingly, the Second Amended Complaint must be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In the alternative, the Second Amended Complaint must be dismissed with prejudice based upon the doctrines of *res judicata* and/or collateral estoppel and Rule 12(b)(1) and/or (6) of the Federal Rules of Civil Procedure.

**WHEREFORE**, for the foregoing reasons and the reasons sets forth in Defendants' Motion to Dismiss Second Amended Complaint filed contemporaneously herewith, which is incorporated herein by reference, Defendants respectfully pray that the Court strike the Second Amended Complaint, and/or, in the alternative, dismiss the Second Amended Complaint with prejudice.

Respectfully submitted this 25th day of March, 2020.

/s/ Alan M. Presel
Alan M. Presel, NC Bar #24470
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone: 704-643-0290 ext. 1009
Facsimile: 704-553-7225
Alan.Presel@brockandscott.com
*Attorneys for Defendants Wells Fargo Bank, N.A., Brock & Scott, PLLC & K. Saanval Amin*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>                  Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.; Brock & Scott, PLLC,<br><br>                  Defendants. | **CASE NO. 3:19-CV-00075-KDB** |

**CERTIFICATE OF SERVICE**

This is to certify that on this date the undersigned has electronically filed the foregoing **Memorandum of Law in Support of Motion to Strike and/or Motion to Dismiss Second Amended Complaint** with the Clerk of Court using the CM/ECF system. This is to further certify that on this date the undersigned has served, or caused to be served, the foregoing upon *pro se* Plaintiff by placing a copy of the same in a postage paid envelope addressed to the person hereafter named, return address clearly indicated, to the place and address stated below, which is the last known address, and by depositing said envelope in the U.S. Mail:

>   Brian Green
>   113 Indian Trial Road North, Suite 280
>   Indian Trial, NC 28079
>   *Pro Se* Plaintiff

Respectfully submitted this 25th day of March, 2020.

>   /s/ Alan M. Presel
>   Alan M. Presel, NC Bar #24470
>   BROCK & SCOTT, PLLC
>   8757 Red Oak Blvd., Suite 150
>   Charlotte, NC 28217
>   Telephone: 704-643-0290 ext. 1009
>   Facsimile: 704-553-7225
>   Alan.Presel@brockandscott.com
>   *Attorneys for Defendants Wells Fargo Bank,*
>   *N.A., Brock & Scott, PLLC & K. Saanval Amin*