# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:19-CV-00075-KDB

| | |
|---|---|
| **BRIAN GREEN,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **BROCK & SCOTT, PLLC, and** **K. SAANVAL AMIN,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Wells Fargo, N.A.'s ("Wells Fargo"), Brock & Scott, PLLC's ("B&S"), and K. Saanval Amin's ("Amin") (collectively, "Defendants") Motion to Strike and/or Motion to Dismiss Plaintiff Brian Green's ("Plaintiff") Second Amended Complaint. (Doc. No. 36). For the reasons stated herein, the Court will grant in part and deny in part the motion.

## I.    BACKGROUND & PROCEDURAL HISTORY

Plaintiff brings this action based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Plaintiff initiated this action on February 18, 2019 against Wells Fargo, B&S, and Amin. (Doc. No. 1, "Original Complaint"). Before serving any party, Plaintiff amended his complaint on May 6, 2019 naming only Wells Fargo and B&S as defendants. (Doc. No. 8, "Amended Complaint").

Wells Fargo and B&S moved to dismiss the Amended Complaint. (Doc. No. 15). On August 12, 2019, the Court granted the motion to dismiss the Amended Complaint, dismissing with prejudice Plaintiff's claims under 15 U.S.C. § 1692g and dismissing without prejudice Plaintiff's claims under 15 U.S.C. § 1692c and N.C.G.S. § 75-1.1. (Doc. No. 25).

1

Plaintiff appealed the Court's order dismissing his Amended Complaint on August 26, 2019. On January 23, 2020, the Fourth Circuit Court of Appeals affirmed the Court's dismissal with prejudice of Plaintiff's claim under 15 U.S.C. § 1692g, as well as dismissal of Plaintiff's claims against B&S for insufficient service of process.[1] The Fourth Circuit remanded the remaining claims to this Court to "either afford [Plaintiff] another opportunity to amend or dismiss these claims with prejudice, thereby rendering the dismissal order a final appealable judgment." (Doc. No. 30, at 3). In response to the remand, this Court provided Plaintiff another opportunity to amend his complaint. (Doc. No. 31, at 2).

On March 2, 2020, Plaintiff filed a Second Amended Complaint which "removes Defendant Wells Fargo Bank, N.A." and "adds Defendant K. Sannval Amin to Second Amended Complaint." (Doc. No. 33, at 2). Defendants moved to strike and/or dismiss Plaintiff's Second Amended Complaint on March 25, 2020, based on the doctrine of *res judicata* and/or collateral estoppel. (Doc. No. 36).[2] Plaintiff's response to the motion was due on April 8, 2020. When Plaintiff failed to respond by that date, the Court issued a Roseboro Order setting a response deadline of April 30, 2020. (Doc. No. 39). It is now more than a month past the deadline and Plaintiff has failed to respond to the motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written

---

[1] Plaintiff did not challenge the basis for this Court's dismissal of his claims against B&S for insufficient service of process and his claim pursuant to 15 U.S.C. § 1692g. Accordingly, the Fourth Circuit held that he had forfeited appellate review of the Court's order as to these issues and affirmed this Court's decision.

[2] It is unclear to the Court why Wells Fargo, who is not named in Plaintiff's Second Amended Complaint, is listed as a party filing this motion.

2

consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend should be freely given "when justice so requires." *Id.* The Supreme Court has emphasized this requirement, stating that

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under Rule 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). If a plaintiff files an amended pleading without securing leave to amend, a court may strike the amended pleading. *See Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc.*, No. 5:13-CV-315-BO, 2014 WL 715420, at *1 (E.D.N.C. Feb. 24, 2014).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. A defense of *res judicata* may be raised on a Rule 12(b)(6) motion only if it can be resolved from the face of the complaint. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).[3] *Res judicata* encompasses two concepts: claim preclusion and issue preclusion (or collateral estoppel). *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). The rules of claim preclusion provide that if a later litigation arises from the same cause of action as a prior litigation, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but

---

[3] Although couched by parties as a motion to dismiss under Rule 12(b)(1), *res judicata* is an affirmative defense and is treated as a basis for dismissal under Rule 12(b)(6). *See Davani v. Virginia Dept. of Tans.*, 434 F.3d 712, 720 (4th Cir. 2006) (*res judicata* or claim preclusion challenge is to be considered pursuant to Rule 12(b)(6)).

also of every claim that might have been presented." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Issue preclusion, on the other hand, "is more narrowly drawn" and "operates to bar subsequent litigation of those legal and factual issues . . . that were 'actually and necessarily determined by a court.'" *Orca Yachts L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (quoting *In re Varat Enters., Inc.*, 81 F.3d at 1315).

Finally, while *pro se* litigants are not exempt from compliance with procedural rules, *pro se* litigants generally are afforded liberal treatment by courts regarding the procedural requirements of the Federal Rules of Civil Procedure so as to permit them to pursue the merits of their claims. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) ("Pro se litigants are entitled to some deference from courts.").

## III.    DISCUSSION

Defendants raise a number of procedural issues as grounds to dismiss Plaintiff's Second Amended Complaint. Defendants move to strike or dismiss Plaintiff's Second Amended Complaint "[b]ased upon the facts that Wells Fargo was voluntarily dismissed from this action, Brock & Scott was previously dismissed with prejudice and Amin was previously voluntarily dismissed from this action, and pursuant to the doctrines of *res judicata* and/or collateral estoppel." (Doc. No. 37, at 1).

The Fourth Circuit's opinion suggests that this Court dismissed Plaintiff's claims against B&S with prejudice. However, this Court dismissed Plaintiff's claims against B&S for lack of personal jurisdiction based on insufficient service of process. A dismissal based on lack of personal jurisdiction for insufficient service of process does not operate as a dismissal with prejudice, *see Pusey v. Dallas Corp.*, 938 F.2d 498, 499 (4th Cir. 1991) (citing to Fed. R. Civ. P. 4), Fed. R. Civ. P. 41(b), and it would be a miscarriage of justice to prohibit Plaintiff from pursuing an otherwise

valid claim, if one exists.[4]  In February, this Court afforded Plaintiff another opportunity to amend

his complaint, stating that "[s]uch amended complaint must contain a 'short and plain statement

of the claim' showing that Plaintiff is entitled to relief against remaining Defendant Wells Fargo

Bank, N.A." (Doc. No. 31, at 2). Defendants argue that by terminating Wells Fargo and adding

Amin as a defendant, Plaintiff exceeded the scope of leave to amend that was granted in this

Court's February order. To the extent that order – which simply did not reference claims against

B&S (whose dismissal had not been challenged on appeal) or any other potential defendant – can

be read to suggest that Plaintiff would not be allowed to refile claims against defendants over

whom the Court initially lacked personal jurisdiction due to insufficient service of process, the

Court clarifies its previous order and permits him to so amend now as a proper amendment under

Rule 15(a)(2). Accordingly, the Court will deny Defendants' motion to strike or dismiss the

Second Amended Complaint on the grounds that it exceeds the scope of this Court's February

order and will allow the filing of Plaintiff's Second Amended Complaint.

Plaintiff reasserts his claim under 15 U.S.C. § 1692g in his Second Amended Complaint.

However, this Court has already dismissed Plaintiff's § 1692g claim with prejudice in its August

2019 order, and Plaintiff is barred from raising this claim again in his Second Amended Complaint.

(Doc. No. 25); *see, e.g.*, *Lawson v. Toney*, 169 F. Supp. 2d 456, 462 (M.D.N.C. 2001) (observing

that a Rule 12(b)(6) dismissal with prejudice "acts as an adjudication on the merits" and precludes

a plaintiff from refiling that claim). Plaintiff has included additional facts in his Second Amended

---

[4] There is no question that federal jurisdiction exits in this case, as Plaintiff's claims arise under federal law. Moreover, Defendants have not asserted that Plaintiff's claims are barred by the statute of limitations. The statute of limitations for a claim under the Fair Debt Collection Practices Act is one year. 15 U.S.C. § 1692k; *see also Olson v. Midland Funding, LLC*, 578 Fed. App'x 248, 250 (4th Cir. 2014). Plaintiff's Second Amended Complaint would "relate back" to his original complaint, making it timely. *See* Fed. R. Civ. P. 15(c).

Complaint for his claim under 15 U.S.C. § 1692c that Defendants unlawfully communicated with a third-party consumer regarding Plaintiff's debt. These new facts give Defendants fair notice of the grounds for his claim. He also has stated a new claim under 15 U.S.C. § 1692e, which Defendants have not challenged aside from their procedural arguments. Accordingly, the Court will dismiss Plaintiff's § 1692g claim but permit the case to proceed as to Plaintiff's claims under 15 U.S.C. § 1692c and § 1692e against Defendants B&S and Amin.

The Court's decision to allow these claims to proceed does not indicate any view on the merits, and the Court notes that Plaintiff has failed to respond to the Motion to Strike and/or Dismiss despite receiving a Roseboro Order. The Court expects Plaintiff in the future to timely prosecute his claims and move his case forward in accordance with the case management schedule to be set by the Court after consultation among the parties pursuant to the Local Rules.

### IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that:

1) Defendants' Motion to Strike and/or Dismiss, (Doc. No. 36), is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's claim brought pursuant to 15 U.S.C. § 1692g is barred because it was previously denied with prejudice. Plaintiff's Second Amended Complaint is deemed properly filed, and Plaintiff may proceed with his claims brought pursuant to 15 U.S.C. § 1692c and § 1692e against B&S and Amin; and

2) This case shall **proceed to discovery and further proceedings on the merits of the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED.**

Signed: June 19, 2020

Kenneth D. Bell
United States District Judge