UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>                Plaintiff,<br><br>v.<br><br>Brock & Scott, PLLC; K. Saanval Amin,<br><br>                Defendants. | CASE NO. 3:19-CV-00075-KDB |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO RECONSIDER

**NOW COME** Brock & Scott, PLLC ("**Brock & Scott**") and K. Saanval Amin ("**Amin**") (collectively, "**Defendants**"), by and through their undersigned counsel, and submit this Memorandum of Law in Support of Motion to Reconsider this Court's June 19, 2020 Order (the "**Order**") pursuant to Rules 59(e) and 60(b)(1), (4) & (6) of the Federal Rules of Civil Procedure (the "Rules").

Based upon the fact that Plaintiff's Second Amended Complaint was filed without leave of this Court to amend or add claims against Defendants, Plaintiff's Second Amended Complaint should be dismissed, or in the alternative Defendants contemporaneously filed Third Motion to Dismiss should be deemed timely filed and further proceedings in this action should be stayed pending this Court rendering judgment on the Third Motion to Dismiss in accordance with Rules 8(a) and 12(b) of the Rules.

## PROCEDURAL BACKGROUND

On February 14, 2019, Plaintiff Brian Green ("**Plaintiff**") initiated this action by filing a Complaint against Defendants Wells Fargo Bank, N.A., Brock & Scott, PLLC and K. Saanval

Amin (the "**Original Complaint**"). [D.E. 1] On May 6, 2019, and prior to the issuance of any Summonses or any attempted service of the Original Complaint, Plaintiff filed an Amended Complaint (the "**First Amended Complaint**") against Defendants Wells Fargo and Brock & Scott. [D.E. 8] On June 1, 2019, Wells Fargo and Brock & Scott filed a Motion to Dismiss the First Amended Complaint (the "**First Motion to Dismiss**"). [D.E. 15]

On August 12, 2019, this Court granted the First Motion to Dismiss, having found that "service on B&S was deficient [and t]he Court therefore lacks jurisdiction over B&S," and dismissed all claims against Brock & Scott for lack of jurisdiction, dismissed with prejudice claims brought under 15 U.S.C. § 1692g, and dismissed without prejudice claims brought under 15 U.S.C. § 1692c and N.C.G.S. § 75-1.1. [D.E. 25, pp. 7 & 11] In addition, this Court interpreted "the [First] Amended Complaint to mean that Plaintiff intended to drop his claim against K. Saanval Amin" and directed the Clerk "to terminate K. Saanval Amin as a defendant in this action." [D.E. 25; p. 1, fn #1 & p. 11]

On August 26, 2019, Plaintiff filed a Notice of Appeal to the United States Court of Appeal for the Fourth Circuit with respect to the August 12, 2019 Order granting the First Motion to Dismiss. On January 23, 2020, the Fourth Circuit Court of Appeals issued its Opinion regarding Plaintiff's appeal. The Fourth Circuit's Opinion affirmed this "[C]ourt's order dismissing with prejudice [Plaintiff's] claims against Appellee Brock & Scott, PLLC for insufficient service of process and his claim pursuant to 15 U.S.C. § 1692(g) (2018) against all of the Appellees," and remanded the remaining claims to this Court to, in the discretion of this Court, "either afford [Plaintiff] Green another opportunity to amend or dismiss these claims with prejudice, thereby rendering the dismissal order a final appealable judgment." [Opinion, pp. 2, 3] On February 3, 2020, on remand, this Court entered an Order which afforded "Plaintiff another

opportunity to amend his complaint. Such amended complaint must contain a 'short and plain statement of the claim' showing that Plaintiff is entitled to relief against remaining Defendant Wells Fargo Bank, N.A." (citations omitted) [D.E. 31, p. 2]

On March 2, 2020, Plaintiff filed a Second Amended Complaint which expressly "removes Defendant Wells Fargo Bank, N.A. from Original Complaint, First Amended Complaint, and adds Defendant K. Saanval Amin to Second Amended Complaint." [D.E. 33, p. 2] On March 25, 2020, Defendants Wells Fargo, Brock & Scott and Amin filed a Motion to Strike and/or Dismiss (the "**Motion to Strike**") on the grounds that Plaintiff was not granted leave of this Court to further amend the First Amended Complaint with respect to either Defendant Brock & Scott or Defendant Amin. [D.E. 36] On June 19, 2020, by Order this Court granted in part and denied in the part Defendants Motion to Strike and allowed this action to proceed with respect to Plaintiff's claims under 15 U.S.C. §§ 1692c and 1692e against Defendants Brock & Scott and Amin (the "**Order**"). [D.E. 43]

## ARGUMENT

### I. Defendants are Entitled to Relief from the Order under Rule 60(b).

Rule 60(b) of the Rules provides:

[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

3

F.R. Civ. P. 60(b).

> "[I]n order to obtain relief from a default judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment."

*Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir. 1987).

Defendants respectfully motion this Court for relief from the Order for the following reasons. As set forth in the Order, "[t]he Fourth Circuit's opinion suggests that this Court dismissed Plaintiff's claims against B&S with prejudice."[1] [D.E. 43, p. 4] The Order also notes that "this Court afforded Plaintiff another opportunity to amend his complaint, stating that '[s]uch amended complaint must contain a 'short and plain statement of the claim' showing that Plaintiff is entitled to relief **against remaining Defendant Wells Fargo Bank, N.A**." (Doc. No. 31, at 2). [D.E. 43, p. 5] (emphasis added). In good faith, Defendants read the February 3, 2020 Order as granting Plaintiff leave, under Rule 15(a)(2) of the Rules, to amend the First Amended Complaint only against Wells Fargo. This reading is supported by Wells Fargo joining the Motion to Strike, in order to confirm that Wells Fargo (the only remaining defendant prior to the Second Amended Complaint) was in fact no longer a party to this action. This Court appears to concede that such a reading is reasonable and rational since it found it necessary to expressly state that "the Court clarifies its previous [February 3, 2020] order and **permits [Plaintiff] to so amend now as a proper amendment under Rule 15(a)(2).**" [D.E. 43, p. 5] (emphasis added).

Accordingly, Defendants were surprised by this Court's interpretation of its February 3, 2020 Order, which apparently the Court had intended to grant Plaintiff leave to amend without limitation to assert claims against Defendants and/or to add Defendants as parties (except with

---

[1] In its January 23, 2020 Opinion, the Fourth Circuit Court of Appeals stated that "Brian Green appeals **the district court's order dismissing with prejudice his claims against Appellee Brock & Scott, PLLC**." (emphasis added).

4

respect to claims under 15 U.S.C. § 1692g). Through mistake, inadvertence and/or excusable neglect, Defendants would be prejudiced to the extent the Order is determined to prohibit Defendants now from seeking dismissal on the merits of the new allegations and/or claims set forth in the Second Amended Complaint, through a motion to dismiss in accordance with Rule 8(a) and/or Rule 12(b) of the Rules. This Motion to Reconsider has been timely made. As set forth in the contemporaneously filed Third Motion to Dismiss and the Memorandum of Law in Support thereof, which are hereby incorporated by reference as if fully set forth herein, Defendants have a meritorious defense to the Second Amended Complaint. Moreover, Plaintiff would not be prejudiced by granting Defendants relief from the Order. Accordingly, Defendants seek relief under Rule 60(b)(1).

The Order further orders that "[t]his case shall proceed to discovery and further proceedings on the merits of the remaining claims." [D.E. 43, p. 6] First, Defendants submit that the Order arguably precludes Defendants from filing any responsive pleading to the Second Amended Complaint. Second, Defendants submit that this Court's clarification of the February 3, 2020 Order by stating that "the Court…permits him to so amend **now**", (D.E. 43, p. 5) (emphasis added), for the first time granted authorization for Plaintiff's Second Amended Complaint – at least with respect to Defendants – since Defendants did not grant written consent and Defendants did not believe this Court had granted such leave previously. Fed. R. Civ. P. 15(a)(2). Accordingly, to the extent the Order prohibits Defendants filing any responsive pleading, including without limitation a motion to dismiss seeking to contest the merits of the Second Amended Complaint, Defendants submit the Order is void. Therefore, Defendants seek relief under Rule 60(b)(4) in order to submit a responsive pleading, including without limitation the Third Motion to Dismiss.

5

Defendants further submit that fairness and the interests of justice justify that Defendants be permitted to file a responsive pleading to the Second Amended Complaint, including without limitation a motion to dismiss challenging the merits of the Second Amended Complaint; otherwise, Defendants will be unfairly prejudiced and suffer manifest injustice. Therefore, Defendants seek relief under Rule 60(b)(6) in order to submit such a responsive pleading, including without limitation the Third Motion to Dismiss.

## II. **Defendants are Entitled to have the Order Altered or Amended under Rule 59(e).**

Rule 59(e) of the Rules allows a party to file "a motion to alter or amend a judgment…no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). While the grounds for relief under Rule 59(e) may be limited, they include correcting clear error of law or preventing manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.,* 305 F.3d 284, 290 (4th Cir. 2002).

In addition to or in the alternative to relief from the Order, based upon the grounds set forth in the preceding section of this Memorandum, Defendants respectfully request that the Order be altered or amended to expressly authorize Defendants to file a responsive pleading, including without limitation a motion to dismiss pursuant to Rule 8(a) and/or Rule 12(b) of the Rules in order to challenge the merits of the Second Amended Complaint, and to stay this action from proceeding to discovery and further proceedings until this Court renders judgment upon said motion to dismiss. This motion has been timely filed. Also, Defendant's Third Motion to Dismiss (along with a Memorandum in support thereof) is being contemporaneously filed with Defendants' Motion to Reconsider and this Memorandum. Defendants maintain that they have meritorious defenses to the Second Amended Complaint. Defendants further maintain that

Plaintiff would not be prejudiced by the granting of the requested relief; however, Defendants would be unfairly prejudiced if such relief is not granted.

Defendants submit that altering or amending the Order in the manner requested herein would correct clear error of law and/or prevent manifest injustice to Defendants, because it was not clear that leave to assert claims against Defendants within the Second Amended Complaint was granted until June 19, 2020, when the Order was entered.

Out of an abundance of caution, Defendants' Answer to the Complaint is being filed contemporaneously; however, Defendants do not waive and hereby reserve any and all rights under Rule 8(a) and Rule 12(b) of the Rules, and request this Court deem the Third Motion to Dismiss timely filed, and stay any further proceedings in this action until judgment is rendered on the Third Motion to Dismiss.

## **CONCLUSION**

Defendants respectfully submit that the June 19, 2020 Order was the first indication that Plaintiff had leave to file a Second Amended Complaint which could include claims for relief against either or both Defendant Brock & Scott or Defendant Amin. Therefore, whether pursuant to Rule 59(e) or Rule 60(b)(1), (4) or (6) of the Rules, Defendants should be afforded the opportunity to file a responsive pleading, including without limitation a motion to dismiss the Second Amended Complaint on its merits, and to have any and all further proceedings in this action stayed until this Court renders judgment upon said motion to dismiss.

**WHEREFORE**, for the foregoing reasons and the reasons sets forth in Defendants' Motion to Reconsider, Third Motion to Dismiss and Memorandum of Law in Support of Third Motion to Dismiss, filed contemporaneously herewith, which are incorporated herein by

reference, Defendants respectfully pray that the Court grant Defendants relief from and/or alter or amend the June 19, 2020 Order.

Respectfully submitted this 3rd day of July, 2020.

/s/ Alan M. Presel
Alan M. Presel, NC Bar #24470
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone: 704-643-0290 ext. 1009
Facsimile: 704-553-7225
Alan.Presel@brockandscott.com
*Attorneys for Defendants Brock & Scott, PLLC & K. Saanval Amin*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>    Plaintiff,<br><br>v.<br><br>Brock & Scott, PLLC; K. Saanval Amin,<br><br>    Defendants. | CASE NO. 3:19-CV-00075-KDB |

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has electronically filed the foregoing **Memorandum of Law in Support of Motion to Reconsider** with the Clerk of Court using the CM/ECF system. This is to further certify that on this date the undersigned has served, or caused to be served, the foregoing upon *pro se* Plaintiff by placing a copy of the same in a postage paid envelope addressed to the person hereafter named, return address clearly indicated, to the place and address stated below, which is the last known address, and by depositing said envelope in the U.S. Mail:

    Brian Green
    113 Indian Trial Road North, Suite 280
    Indian Trial, NC 28079
    *Pro Se* Plaintiff

Respectfully submitted this 3rd day of July, 2020.

    /s/ Alan M. Presel
    Alan M. Presel, NC Bar #24470
    BROCK & SCOTT, PLLC
    8757 Red Oak Blvd., Suite 150
    Charlotte, NC 28217
    Telephone: 704-643-0290 ext. 1009
    Facsimile: 704-553-7225
    Alan.Presel@brockandscott.com
    *Attorneys for Defendants Brock & Scott, PLLC*
    *& K. Saanval Amin*