UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>      Plaintiff,<br><br>v.<br><br>Brock & Scott, PLLC; K. Saanval Amin,<br><br>      Defendants. | CASE NO. 3:19-CV-00075-KDB |

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THIRD MOTION TO DISMISS

**NOW COME** Brock & Scott, PLLC ("**Brock & Scott**") and K. Saanval Amin ("**Amin**") (collectively, "**Defendants**"), by and through their undersigned counsel, and submit this Memorandum of Law in Support of Third Motion to Dismiss pursuant to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure (the "Rules").

The Second Amended Complaint should be dismissed for failure to comply with Rule 8(a)(2) & (3) of the Rules and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and (6) of the Rules.

### PROCEDURAL BACKGROUND

On February 14, 2019, Plaintiff Brian Green ("**Plaintiff**") initiated this action by filing a Complaint against Defendants Wells Fargo Bank, N.A., Brock & Scott, PLLC and K. Saanval Amin (the "**Original Complaint**"). [D.E. 1] On May 6, 2019, and prior to the issuance of any Summonses or any attempted service of the Original Complaint, Plaintiff filed an Amended Complaint (the "**First Amended Complaint**") against Defendants Wells Fargo and Brock &

Scott. [D.E. 8] On June 1, 2019, Wells Fargo and Brock & Scott filed a Motion to Dismiss the First Amended Complaint (the "**First Motion to Dismiss**"). [D.E. 15]

On August 12, 2019, this Court granted the First Motion to Dismiss, having found that "service on B&S was deficient [and t]he Court therefore lacks jurisdiction over B&S," and dismissed all claims against Brock & Scott for lack of jurisdiction, dismissed with prejudice claims brought under 15 U.S.C. § 1692g, and dismissed without prejudice claims brought under 15 U.S.C. § 1692c and N.C.G.S. § 75-1.1. [D.E. 25, pp. 7 & 11] In addition, this Court interpreted "the [First] Amended Complaint to mean that Plaintiff intended to drop his claim against K. Saanval Amin" and directed the Clerk "to terminate K. Saanval Amin as a defendant in this action." [D.E. 25; p. 1, fn #1 & p. 11]

On August 26, 2019, Plaintiff filed a Notice of Appeal to the United States Court of Appeal for the Fourth Circuit with respect to the August 12, 2019 Order granting the First Motion to Dismiss. On January 23, 2020, the Fourth Circuit Court of Appeals issued its Opinion regarding Plaintiff's appeal. The Fourth Circuit's Opinion affirmed this "[C]ourt's order dismissing with prejudice [Plaintiff's] claims against Appellee Brock & Scott, PLLC for insufficient service of process and his claim pursuant to 15 U.S.C. § 1692(g) (2018) against all of the Appellees," and remanded the remaining claims to this Court to, in the discretion of this Court, "either afford [Plaintiff] Green another opportunity to amend or dismiss these claims with prejudice, thereby rendering the dismissal order a final appealable judgment." [Opinion, pp. 2, 3] On February 3, 2020, on remand, this Court entered an Order which afforded "Plaintiff another opportunity to amend his complaint. Such amended complaint must contain a 'short and plain statement of the claim' showing that Plaintiff is entitled to relief against remaining Defendant Wells Fargo Bank, N.A." (citations omitted) [D.E. 31, p. 2]

On March 2, 2020, Plaintiff filed a Second Amended Complaint which expressly "removes Defendant Wells Fargo Bank, N.A. from Original Complaint, First Amended Complaint, and adds Defendant K. Saanval Amin to Second Amended Complaint." [D.E. 33, p. 2] On March 25, 2020, Defendants Wells Fargo, Brock & Scott and Amin filed a Motion to Strike and/or Dismiss (the "**Motion to Strike**") on the grounds that Plaintiff was not granted leave of this Court to further amend the First Amended Complaint with respect to either Defendant Brock & Scott or Defendant Amin. [D.E. 36] On June 19, 2020, by Order this Court granted in part and denied in the part Defendants' Motion to Strike and allowed this action to proceed with respect to Plaintiff's claims under 15 U.S.C. §§ 1692c and 1692e against Defendants Brock & Scott and Amin (the "**Order**"). [D.E. 43]

## ARGUMENT

### I. Second Amended Complaint Fails to State a Claim for Relief.

#### A. *Standard of Review.*

Rule 12(b)(6) is the appropriate procedure for a party to seek the dismissal of a civil action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal and factual sufficiency of a plaintiff' complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Orban v. Nationwide Trustee Servs.*, 2014 WL 6476235, *3 (W.D.N.C. Nov. 19, 2014) (quoting *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 550)). "The facial plausibility standard requires 'the plaintiff to articulate facts, when accepted as true, that 'show' the plaintiff has stated a claim entitling him to relief.'" *Id.*

(quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570)).

The United States Supreme Court has held that the facial plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Whether a complaint is legally sufficient also depends upon whether it meets the pleading standards set forth in Rule 8. *Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 647 (E.D.N.C. 2014). The purpose of Rule 8 is to ensure that a defendant has "adequate notice of the nature of the claim against it." *Id.* Rule 8(a)(2) provides that a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is facially sufficient where a party has pleaded "enough facts to state a claim for relief that is plausible on its face. [N]aked assertions of wrongdoing, devoid of factual enhancement, cannot cross the line between possibility and plausibility of entitlement to relief." *Campbell*, 73 F. Supp. 3d at 648. (internal quotations omitted). "A plaintiff armed with nothing more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' cannot proceed into the litigation process." *Id.* at 193 (quoting *Twombly*, 550 U.S. at 555).

While complaints filed by *pro se* litigants are to be liberally construed, they still must comply with Rule 8. *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005). Rule 8 does not "unlock the door of discovery for a plaintiff armed with nothing more than conclusions." *Tilly v. Citibank NMTC Corp.*, 2013 WL 6579001, *5 (M.D.N.C. Dec. 13, 2013). Federal courts may not ignore a *pro se* plaintiff's failure to allege facts that set forth a cognizable

claim. *See Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). "[W]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dept. of Soc. Serv. of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). For the following reasons, Plaintiff's Second Amended Complaint fails to meet the minimum pleading standards, and therefore, fails to state a claim upon which relief can be granted.

### B. Fair Debt Collection Practices Act Claims should be Dismissed.

#### i. Defendants did not communicate with any third party.

The Second Amended Complaint alleges four (4) causes of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (the "FDCPA"). Count I asserts that "Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third party after receiving multiple written correspondence from Mr. Green with his legal mailing address." [D.E. 33, ¶36]

The FDCPA provides that

> [e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

The Second Amended Complaint contains only three (3) factual allegations with respect to this cause of action:

> 1. On about November 2, 2018, [Plaintiff] Mr. Green received an opened large 8 x 10 yellow packaged from a third party named Brian Green, dated

5

October 30, 2018.  The third party Brian Green opened and read the content of the envelope exposing Mr. Green personal and confidential information.  The Defendants mailed confidential information to: Brian Green, 2024 Holly Villa Circle, Indian Trail, NC 28079 as shown in Exhibit A. (*See* Brian Green Affidavit in Support of Second Amended Complaint).  [D.E. 33, ¶21]

2.  Again, on or about December 3, 2018, an 8 x 10 large envelope was mailed to Brian Green, 2024 Holly Villa Circle, Indian Trail, NC 28079.  The parcel was refused by third party Brian Green and returned back to sender Defendant Brock and Scott, PLLC, 1315 Westbrook Plaza Drive, Winston-Salem, NC 27103 with the following message written on large envelope:  RTS "Return to sender, wrong address" as shown in Exhibit B.  [D.E. 33, ¶23]

3.  Again, on or about February 7, 2019, an 8 x 10 large envelope was mailed to Brian Green, 2024 Holly Villa Circle, Indian Trail, NC 28079.  The parcel dated January 31, 2019, was refused again by third party Brian Green, and returned back to sender Defendant Brock and Scott, PLLC, 1315 Westbrook Plaza Drive, Winston-Salem, NC 27103 with the following message written on large envelope:  "Not At This Address" as shown in Exhibit C.  [D.E. 33, ¶24]

On August 23, 2018, Wells Fargo, through its counsel Brock & Scott, commenced legal proceedings regarding the $7,053.68 credit card debt Plaintiff owes to Wells Fargo.  A Civil Summons was issued and a State Court Complaint was filed in a state court lawsuit styled "Wells Fargo Bank, N.A. v. Brian Green," Case No. 18 CVD 2151 (Union County) (the "**State Court Lawsuit**").  (**Exhibit 1** – original Civil Summons; **Exhibit 2** – State Court Complaint).  The State Court Complaint indicates that Wells Fargo made demand upon Plaintiff for payment, but Plaintiff has failed, neglected and refused to make payment.  (**Exhibit 2**).

Brock & Scott attempted to serve the Civil Summons and State Court Complaint on Plaintiff at 113 Indian Trail Rd N Ste 280, Indian Trail, NC 28079 (the "**Suite 280 Address**"); however, Brock & Scott's diligent efforts to do so were unsuccessful.  These efforts included sending the Union County Sheriff's Department to the Suite 280 Address.  The Sheriff's Return of Service provides that Plaintiff was not served because "The address doesn't exist."  (**Exhibit 3** – returned original Summons**)**.

6

Brock & Scott obtained an alternate address for Plaintiff at 2024 Holly Villa Circle, Indian Trail, North Carolina 28079 (the "**Residence**").  As evidenced by the Union County Tax Records, Plaintiff is the record owner of the Residence and has been since 2005, and the Residence is (and at all relevant times has been and continues to be) his primary residence. (**Exhibit 4** – Union County Tax Records).  In this Affidavit in Support of Second Amended Complaint, Plaintiff admits that the Residence is his legal residential address.  [D.E. 33, p. 10, ¶2]  On September 28, 2018, an Alias & Pluries Civil Summons was issued for Plaintiff at the Residence.  On October 8, 2018, the Union County Sheriff's Department successfully served Plaintiff at the Residence by personally delivering to Plaintiff a copy of the new Civil Summons and State Court Complaint.  (**Exhibit 5** – A&P Civil Summons).  Plaintiff admits that "[o]n October 8, 2018, [Plaintiff] Mr. Green was served a civil complaint by Wells [Fargo] from the Union County Sheriff Deputy at 2024 Holly Villa Circle, Indian Trail, NC 28079."  [D.E. 33, ¶18].

Rather than defend the State Court Lawsuit on its merits, on or about October 11, 2018, Plaintiff sent a document entitled "Motion to Dismiss; Notice of Dispute," which Plaintiff has previously alleged to be a verification demand under 15 U.S.C. § 1692g(b).  [D.E. 1, ¶14]  Despite no obligation to do so, Defendants ceased all collection of the debt and sent Plaintiff the requested validation on October 26, 2018 (the "**Validation**").  (**Exhibit 6** - Validation).  The Validation was mailed to the only valid address Defendants had for Plaintiff, which was the Residence.  In addition, subsequent pleadings or other documents in connection with the State Court Lawsuit were mailed to the Residence, which Plaintiff alleges were refused and returned to Defendants.

7

Case 3:19-cv-00075-KDB   Document 47   Filed 07/03/20   Page 7 of 16

Plaintiff alleges that the Validation and subsequent mailings should not have been sent to the Residence; however, despite his assertion to the contrary, by his own admissions the Residence is a valid address for Plaintiff and his legal residential address. [D.E. 33, ¶18; p. 10, ¶2]. These mailings were submitted to an address confirmed by the Union County Sheriff's Return of Service executed in accordance with applicable state law. (**Exhibit 3**); N.C.G.S. § 1-75.10(a)(1)(a).

The fact that, as alleged by Plaintiff, another person with the same name as Plaintiff also may reside at the Residence does not mean that Defendants may be subject to liability under the FDCPA for sending communications to Plaintiff at his legal residential address. Plaintiff has failed to allege that he notified Defendants that the Residence is an improper address, that a third party with the same name also resides at the Residence, and/or that Defendants should cease communications with Plaintiff at his legal residence. To the extent, for example, returned mailings to Plaintiff's legal residence may constitute notice that Defendants are required to cease communications to the Residence, Plaintiff has not actually alleged as much nor has he cited any legal authority in support of this assertion. Defendants note to the Court that it is not uncommon for debtors to refuse to accept or return to sender mailings from creditor's counsel prior to or during litigation.

The Second Amended Complaint fails to allege that Defendants ever communicated with any third party. Rather, Defendants mailed the Validation, and other alleged information, to the best and only address it had for Plaintiff, which was confirmed by the Union County Sheriff's Department. Not only were Defendants' prior attempts to serve Plaintiff at the Suite 280 Address unsuccessful, but the Sheriff's Department notified Defendants that such address did not exist. Moreover, Plaintiff admits in his Affidavit that the Residence is his legal residential

8

Case 3:19-cv-00075-KDB    Document 47    Filed 07/03/20    Page 8 of 16

address.  Defendants continued to serve Plaintiff in the State Court Lawsuit at the Residence, without complaint or incident, and Plaintiff admitted receiving State Court Lawsuit pleadings at that address.  As such, Plaintiff has failed to allege any facts in support of his contention that Defendants violated a FDCPA prohibition regarding communication with a third party.  Therefore, Count I should be dismissed pursuant to Rule 12(b)(6) of the Rules for failure to state a claim upon which relief can be granted.

      ii.    <u>Defendants did not use False Representations or Deceptive Practices.</u>

Count II of the Second Amended Complaint alleges that "Defendants violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Mr. Green."  [D.E. 33, ¶38]  The FDCPA provide that it "is a violation of this section [to] use [] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

Plaintiff has failed to set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief" or "a demand for the relief sought" as required by Rule 8(a)(2) & (3).  Fed. R. Civ. P. 8(a).  Plaintiff has not alleged what alleged actions by Defendants he asserts were false or deceptive.  With respect to the alleged violation of 15 U.S.C. § 1692e(10), the Second Amended Complaint includes only "naked assertions of wrongdoing, devoid of factual enhancement," and "nothing more than labels and conclusions or a formulaic recitation of the elements of a cause of action [which] cannot proceed into the litigation process."  If this cause of action is premised upon Plaintiff's assertion that mailings should not have been sent to the Residence, then as more fully set forth in the preceding section the mailings were in all respects proper and, thus, are not violative of the FDCPA.  If this cause of action is related to allegations

9

Case 3:19-cv-00075-KDB   Document 47   Filed 07/03/20   Page 9 of 16

relating to Plaintiff's claim under 15 U.S.C. § 1692g, then as more fully set forth in the next section such claim is barred. Assuming *arguendo* that Plaintiff properly alleged such a cause of action (which is expressly denied), for the reasons set forth in this Memorandum, Defendants have not used any false representations or deceptive practices in connection with the collection of Plaintiff's debt.

Accordingly, even if such a cause of action was properly alleged, then it should be dismissed pursuant to Rule 8(a) and/or Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

    iii.    <u>Defendants did not fail to properly respond to an FDCPA validation request.</u>

Count III of the Second Amended Complaint alleges that "Defendants violated 15 U.S.C. § 1692g(a)(3) by not communicating with a written notice of an allege [sic] debt and giving Mr. Green thirty days after receipt of notice to dispute the validity of the alleged debt." [D.E. 33, ¶40]

In the Order, this Court noted that "this Court has already dismissed Plaintiff's § 1692g claim with prejudice in its August 2019 order, and Plaintiff is barred from raising this claim again in his Second Amended Complaint" and, thus, held that "Plaintiff's claim brought pursuant to 15 U.S.C. § 1692g is barred because it was previously denied with prejudice." [D.E. 42] Accordingly, no further response should be required with respect to Count III. However, out of an abundance of caution, Defendants incorporate by reference, as if fully set forth herein, its Memorandum of Law in Support of Motion to Dismiss previously filed on June 1, 2019 in support of its contention that the Second Amended Complaint fails to state a claim upon which relief can be granted. [D.E. 16] If not already dismissed, then Count III should be dismissed pursuant to Rule 12(b)(6) of the Rules.

### iv. Defendants are not liable to Plaintiff for any damages.

Count IV of the Second Amended Complaint alleges that Plaintiff suffered out-of-pocket actual damages. Plaintiff fails to allege why he incurred any of these purported damages. Plaintiff further fails to allege if or how any of these purported damages were caused by or the result of any act or omission of Defendants. The title of this Count references Section 1692k(a)(2)(A) of the FDCPA, which provides for damages in addition to actual damages. The Second Amended Complaint does not reference Section 1692k(a)(1), which provides for actual damages. Regardless, Section 1692k(a) provides that a debt collector may be liable for actual or additional damages *only* if such party "fails to comply with any provision of this subchapter."

As discussed in the preceding sections of this Memorandum, Defendants have not failed to comply with any provision of the FDCPA. Therefore, regardless of any actual damages Plaintiff contends he incurred, Defendants cannot be held liable for them and this Count should be dismissed pursuant to Rule 8(a)(2) and/or Rule 12(b)(6).

### v. FDCPA Claims Barred by the Statute of Limitations

In the event Plaintiff has properly alleged any claim against Defendants for violation of the FDCPA, which is expressly denied, Counts I, II, III and IV are barred by the statute of limitations. Section 1692k(d) of the FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

It is undisputed that Plaintiff failed to bring any claims against Defendants within one (1) year from the date on which the alleged violations occurred. The last date of any act of Defendants to which Plaintiff contends violates the FDCPA, was February 7, 2019 – the date

11

Plaintiff alleges that the parcel dated January 31, 2019 was refused delivery. [D.E. 33, ¶24] The Second Amended Complaint was not filed and no valid Summonses were issued as to Defendants until March 2, 2020. "Generally, the statute of limitations begins to run when a communication violating the FDCPA is sent." *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004). *See also Judy v. Fidelity National Collections*, 2003 WL 27375025, *3 (N.D.W.V., Nov. 7, 2003) ("The one-year limitation period begins to run on the date the collection letter is placed in the mail."). Since this action was not brought against Defendants within one (1) year from the date on which the alleged violation occurred, the statute of limitations has expired and this Court lacks jurisdiction. All FDCPA claims should be dismissed pursuant to Rule 12(b)(1) and/or (6) of the Rules.

### C. Claim for Invasion of Individual Privacy Not Recognized.

Count V of the Second Amended Complaint alleges that "Defendants continued to mail confidential and financial information to Mr. Green's residential address after learning about Mr. Green's legal mailing address which caused his privacy to be violated causing injuries not limited to low self esteem, personal humiliation, frustration, anxiety, embarrassment, and mental anguish." [D.E. 33, ¶44]

North Carolina does not recognize such a cause of action. There are four types of invasion of privacy actions: "(1) appropriation, for the defendant's advantage, of the plaintiff's name or likeness; (2) intrusion upon the plaintiff's seclusion or solitude or into his private affairs; (3) public disclosure of embarrassing private facts about the plaintiff; and (4) publicity which places the plaintiff in a false light in the public eye." *Renwick*, 310 N.C. 312, 322, 312 S.E.2d 405, 411 (1984). Plaintiff has not alleged appropriation of his name or likeness. Plaintiff has not alleged intrusion into his seclusion of solitude, which requires "a physical or sensory

intrusion or an unauthorized prying into confidential personal records." *Broughton v. McClatchy Newspapers, Inc.,* 161 N.C. App. 20, 29, 588 S.E.2d 20, 27 (2003). North Carolina does not recognize causes of action either for public disclosure of embarrassing private facts about the plaintiff or publicity which places the plaintiff in a false light in the public eye. *Id.; Burgess v. Busby,* 142 N.C. App. 393, 405-06, 544 S.E.2d 4, 10-11 (2001).

Thus, as a matter of law, Count V fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

The Second Amended Complaint alleges that Defendants violated various sections of the FDCPA and/or invaded Plaintiff's privacy, because: (1) Defendants mailed the Validation and other information to the Residence, an address verified by the Union County Sheriff's Department, and which Plaintiff admits, to be Plaintiff's legal residential address; (2) Plaintiff incorrectly deemed the State Court Complaint to be an initial communication; and (3) Plaintiff erroneously concluded Defendants were required to send additional information based upon Plaintiff's unilateral, and erroneous, determination that the Validation was incomplete and inconclusive.

The alleged FDCPA violations, other than the claim under Section 1692g, appear to be premised upon Plaintiff's assertion that Defendants communicated with a third party about his debt. However, the Residence is not only a valid address for Plaintiff (as confirmed by the Union County Sheriff's Department), but Plaintiff admits that the Residence is his legal residential address, and it has been since 2005. Accordingly, Defendants did not communicate with a third party regarding Plaintiff's debt by sending the Validation to the Residence. In

addition, Defendants did not use false representations or deceptive practices in connection with the collection of Plaintiff's debt.

As for the alleged FDCPA violation under Section 1692g, it was previously dismissed with prejudice. Moreover, it stems from Plaintiff's improper treatment of the State Court Complaint as an initial communication. Section 1692g(d) states that formal pleadings in a civil action, such as the State Court Complaint, is not an initial communication.

Further, the Second Amended Complaint was filed more than one (1) year after the date on which the alleged violation occurred. Thus, all FDCPA causes of action are barred by the one (1) year statute of limitations set forth in Section 1692k(d).

Finally, the State of North Carolina does not recognize a cause of action for invasion of privacy by disclosure of private facts, and Plaintiff has not properly alleged any cause of action for invasion of privacy which is recognized by the North Carolina courts.

The Second Amended Complaint should be dismissed pursuant to Rule 8(a)(2) & (3) and Rule 12(b)(1) & (6) of the Rules.

**WHEREFORE**, for the foregoing reasons and the reasons sets forth in Defendants' Third Motion to Dismiss filed contemporaneously herewith, which is incorporated herein by reference, Defendants respectfully pray that the Court dismiss the Second Amended Complaint with prejudice.

Respectfully submitted this 3rd day of July, 2020.

/s/ Alan M. Presel
Alan M. Presel, NC Bar #24470
BROCK & SCOTT, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Telephone: 704-643-0290
Facsimile: 704-553-7225

Alan.Presel@brockandscott.com
*Attorneys for Defendants Brock & Scott, PLLC and K. Saanval Amin*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>                       Plaintiff,<br><br>v.<br><br>Brock & Scott, PLLC; K. Saanval Amin,<br><br>                       Defendants. | **CASE NO. 3:19-CV-00075-KDB** |

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has electronically filed the foregoing **Memorandum of Law in Support of Third Motion to Dismiss** with the Clerk of Court using the CM/ECF system. This is to further certify that on this date the undersigned has served, or caused to be served, the foregoing upon *pro se* Plaintiff by placing a copy of the same in a postage paid envelope addressed to the person hereafter named, return address clearly indicated, to the place and address stated below, which is the last known address, and by depositing said envelope in the U.S. Mail:

> Brian Green
> 113 Indian Trial Road North, Suite 280
> Indian Trial, NC 28079
> *Pro Se* Plaintiff

Respectfully submitted this 3rd day of July, 2020.

> /s/ Alan M. Presel
> Alan M. Presel, NC Bar #24470
> BROCK & SCOTT, PLLC
> 8757 Red Oak Blvd., Suite 150
> Charlotte, NC  28217
> Telephone:  704-643-0290
> Facsimile: 704-553-7225
> Alan.Presel@brockandscott.com
> *Attorneys for Defendants Brock & Scott, PLLC and K. Saanval Amin*