UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>       Plaintiff,<br><br>v.<br><br>Brock & Scott, PLLC; K. Saanval Amin,<br><br>       Defendants. | CASE NO. 3:19-CV-00075-KDB |

### DEFENDANTS BROCK & SCOTT, PLLC AND K. SAANVAL AMIN'S ANSWER TO SECOND AMENDED COMPLAINT

**NOW COME** Defendants Brock & Scott, PLLC ("B&S") and K Saanval Amin ("Amin") (collectively, "Defendants"), by and through their undersigned counsel, in response to Plaintiff Brian Green's Second Amended Complaint filed on March 2, 2020. Defendants allege and say as follows:

### INTRODUCTION

1. Paragraph 1 includes legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

### JURISDICTION AND VENUE

2. Denied.

3. Defendants lack sufficient information or knowledge to form a belief as to the allegations in Paragraph 3 and, thus, these allegations are denied.

### PARTIES

4. Admitted upon information and belief.

19-07676 CXLIT01

5. Paragraph 5 includes legal conclusions to which no response is required. To the extent a response is required, admitted upon information and belief that Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3). Except as may be expressly admitted, the remaining allegation of Paragraph 5 are denied.

6. Paragraph 6 includes legal conclusions to which no response is required. To the extent a response is required, admitted that B&S is a professional limited liability company with an office located at 1315 Westbrook Plaza Drive, Suite 100, Winston-Salem, North Carolina 27103. Except as may be expressly admitted, the remaining allegation of Paragraph 6 are denied.

7. Paragraph 7 includes legal conclusions to which no response is required. To the extent a response is required, admitted that Amin is a natural person, a licensed attorney, and is an employee of B&S, 1315 Westbrook Plaza Drive, Suite 100, Winston-Salem, North Carolina 27103, with email address Saanval.Amin@brockandscott.com. Except as may be expressly admitted, the remaining allegation of Paragraph 7 are denied.

8. Admitted that Amin is an adult individual and licensed to practice law in the State of North Carolina. Except as may be expressly admitted, the remaining allegation of Paragraph 8 are denied.

9. Paragraph 9 includes legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the allegations in Paragraph 9 and, thus, these allegations are denied

10. Paragraph 10 includes legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the allegations in Paragraph 10 and, thus, these allegations are denied

11. Defendants lack sufficient information or knowledge to form a belief as to the allegations in Paragraph 11 and, thus, these allegations are denied.

## FACTUAL ALLEGATIONS

12. Admitted upon information and belief that Plaintiff incurred a debt through the use of a credit card account with Wells Fargo Bank, N.A. ("Wells Fargo"). Except as may be expressly admitted, the remaining allegation of Paragraph 12 are denied.

13. Paragraph 13 includes legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information or knowledge to form a belief as to the allegations in Paragraph 13 and, thus, these allegations are denied.

14. Admitted upon information and belief that Plaintiff defaulted on his credit card account with Wells Fargo. Except as may be expressly admitted, the remaining allegation of Paragraph 14 are denied.

15. Admitted that in 2018 Wells Fargo retained B&S to commence legal action against Plaintiff with respect to its credit card account. Except as may be expressly admitted, the remaining allegation of Paragraph 15 are denied.

16. The Complaint filed in the District Court of Union County, North Carolina (the "State Court Action") is a document which speaks for itself. Except as may be expressly admitted, the remaining allegation of Paragraph 16 are denied.

17. Admitted that on or about August 29, 2018, the initial Summons against Plaintiff with an address of 113 Indian Trail Road N, Suite 280, Indian Trail, North Carolina 28079, in the State Court Action was returned by the Union County Sheriff's Department unserved because "the address doesn't exist." Admitted that on or about September 28, 2018, B&S had an Alias & Pluries Summons issued against Plaintiff with an address of 2024 Holly Villa Circle, Indian

Trail, North Carolina 28079, in the State Court Action. A copy of the original Summons and A&P Summons are attached hereto and incorporated herein by reference as **Exhibits A and B**. Except as may be expressly admitted, the remaining allegation of Paragraph 17 are denied.

18. Admitted that on or about October 8, 2018, Plaintiff was served at 2024 Holly Vila Circle, Indian Trail, North Carolina 28079, with the A&P Summons and Complaint in the State Court Action by the Union County Sheriff's Department. Except as may be expressly admitted, the remaining allegation of Paragraph 18 are denied.

19. The document entitled "Motion to Dismiss; Notice of Dispute" is a document which speaks for itself. Admitted that on or about October 15, 2018, B&S received said document from Plaintiff with respect to the State Court Action. Except as may be expressly admitted, Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 19 and, thus, these allegations are denied.

20. The duplicate/second document entitled "Motion to Dismiss; Notice of Dispute" is a document which speaks for itself. Admitted that on or about October 25, 2018, B&S received said duplicate/second document from Plaintiff with respect to the State Court Action. Except as may be expressly admitted, Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 20 and, thus, these allegations are denied.

21. Admitted that on or about October 26, 2018, B&S mailed to Plaintiff at his legal residential address of 2024 Holly Villa Circle, Indian Trail, North Carolina 28079, a verification and/or validation of the Wells Fargo debt requested by Plaintiff. Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 21 and, thus, these allegations are denied.

22. The third document entitled "Motion to Dismiss; Notice of Dispute" is a document which speaks for itself. Admitted that on or about November 7, 2018, B&S received said third document from Plaintiff with respect to the State Court Action. Except as may be expressly admitted, Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 22 and, thus, these allegations are denied.

23. Admitted upon information and belief that prior to December 3, 2018, B&S mailed to Plaintiff at his legal residential address of 2024 Holly Villa Circle, Indian Trail, North Carolina 28079, pleadings or other documents with respect to the State Court Action. Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 23 and, thus, these allegations are denied.

24. Admitted that on or about January 31, 2019, B&S mailed to Plaintiff at his legal residential address of 2024 Holly Villa Circle, Indian Trail, North Carolina 28079, pleadings or other documents with respect to the State Court Action. Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 24 and, thus, these allegations are denied.

25. Paragraph 25 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 25 are denied.

26. Paragraph 26 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 26 are denied.

### FIRST CAUSE OF ACTION
**(Violation the Fair Debt Collection Practices Act)**

27. The allegations of the preceding paragraphs are incorporated herein by reference.

28. Admitted upon information and belief.

29. Paragraph 29 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 29 are denied.

30. Paragraph 30 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 30 are denied.

31. Paragraph 31 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 31 are denied.

32. Paragraph 32 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 32 are denied.

### **COUNT I**
### **(Violations 15 U.S.C. § 1692c(b))**

33. The allegations of the preceding paragraphs are incorporated herein by reference.

34. Paragraph 34 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 34 are denied to the extent they misstate the applicable law.

35. Paragraph 35 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 35 are denied to the extent they misstate the applicable law.

36. Paragraph 36 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 36 are denied.

### **COUNT 2**
### **(Violations 15 U.S.C. § 1692e(10))**

37. The allegations of the preceding paragraphs are incorporated herein by reference.

38. Paragraph 38 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 38 are denied.

## COUNT 3
### (Violations 15 U.S.C. § 1692g(a)(3))

39. The allegations of the preceding paragraphs are incorporated herein by reference.

40. Paragraph 40 includes legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 40 are denied.

## COUNT 4
### (Violations 15 U.S.C. § 1692k(a)(2)(A))

41. The allegations of the preceding paragraphs are incorporated herein by reference.

42. Denied that Plaintiff suffered any damages as a result of any act or omission of Defendants as may be alleged in the Second Amended Complaint. Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 42 and, thus, these allegations are denied.

## COUNT 5
### (Violations Invasion of Individual Privacy)

43. The allegations of the preceding paragraphs are incorporated herein by reference.

44. Admitted that B&S mailed information to Plaintiff's legal residential address. Denied that Plaintiff suffered any damages and/or that Defendants caused Plaintiff to suffer any damages as a result of any act or omission of Defendants as may be alleged in the Second Amended Complaint. Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 44 and, thus, these allegations are denied.

## SECOND DEFENSE
### (Statute of Limitations)

45. The allegations of the preceding paragraphs are incorporated herein by reference.

46. Defendants plead the statute of limitations as a bar to Plaintiff's claims for relief under the Federal Debt Collection Practices Act. The alleged events which triggered the causes

of action alleged against Defendants occurred over one (1) year prior to the commencement of any action against Defendants. The last act alleged in the Second Amended Complaint occurred on or about February 7, 2019, and the Second Amended Complaint was not filed and valid Summonses were not issued until March 2, 2020. Therefore, any claims alleged under the Federal Debt Collection Practices Act are barred by the applicable statute of limitations. 15 U.S.C. § 1692k(d).

## THIRD DEFENSE
### (*Res Judicata*/Collateral Estoppel)

47. The allegations of the preceding paragraphs are incorporated herein by reference.

48. Defendants plead the doctrines of *res judicata* and/or collateral estoppel as a bar to Plaintiff's claims for relief. Pursuant to prior Orders entered in this action, this Court and the Fourth Circuit Court of Appeals previously dismissed some or all of the claims alleged in the Second Amended Complaint, including without limitation any causes of action under 15 U.S.C. §1692g. Plaintiff's claims should be precluded pursuant to the doctrines of *res judicata* and/or collateral estoppel. For these reasons, Plaintiff's claims should be dismissed with prejudice.

## FOURTH DEFENSE
### (Failure to State a Claim)

49. The allegations of the preceding paragraphs are incorporated herein by reference.

50. Plaintiff's claims are premised on the allegation that 2024 Holly Villa Circle, Indian Trail, NC 28079 is not his address and, thus, by mailing information to said address Defendants improperly communicated with a third party about his debt. Defendants did not communicate with any third party in connection with the collection of Plaintiff's debt, as evidenced by Plaintiff's own admissions and the Union County Sheriff's Department Return of Service, and thus the Second Amended Complaint fails to state a claim upon which relief can be granted.

51. Plaintiff admits as follows:

   a. "On or about October 8, 2018, [Plaintiff] Mr. Green was served with a civil complaint [in the State Court Action] by Wells from the Union County Sheriff Deputy at 2024 Holly Villa Circle, Indian Trail, NC 28079." (2nd Am Compl. ¶18).

   b. Plaintiff has "a legal residential address at 2024 Holly Villa Circle, Indian Trail, NC 28079." (Aff in Support of 2nd Am Compl. ¶2).

52. Plaintiff also alleges that Defendants violated 15 U.S.C. §1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, but the Second Amended Complaint fails to contain a short and plain statement of the claim showing that the pleader is entitled to relief under 15 U.S.C. §1692e(10), in violation of Rule 8(a)(2) of the Federal Rules of Civil Procedure (the "Rules"). To the extent such claim is premised on the allegation that Defendants communicated with a third party, Plaintiff's own admissions establish that the Second Amended Complaint fails to state a claim upon which relief can be granted.

53. Plaintiff alleges a claim for invasion of individual privacy by disclosure of private facts; however, North Carolina does not recognize such a cause of action. *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 588 S.E.2d 20 (2003). To the extent Plaintiff contends he alleged a claim for invasion of privacy which is recognized by the State of North Carolina, the Second Amended Complaint fails to contain a short and plain statement of the claim showing that Plaintiff is entitled to relief thereunder, in violation of Rule 8(a)(2) of the Rules.

54. Accordingly, as a matter of fact and law, Defendants did not violate the Federal Debt Collection Practices Act nor did Defendants invade Plaintiff's privacy. The Second Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Rules.

## FIFTH DEFENSE
### (Affirmative Defenses/Reservation of Defenses)

55. The allegations of the preceding paragraphs are incorporated herein by reference.

56. In addition or in the alternative, the Second Amended Complaint should be dismissed with prejudice pursuant to contributory negligence, estoppel, fraud, laches, release, *res judicata*, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

**WHEREFORE**, Defendants Brock & Scott, PLLC, and K. Saanval Amin pray this Court as follows:

1. That all of Plaintiff's claims be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Defendants;

3. That all expenses, costs and fees, including without limitation attorney's fees, be taxed to Plaintiff as allowed by law; and

4. That the Court award Defendants, such other and further relief as it may deem just and proper.

This the 3rd day of July, 2020.

**BROCK & SCOTT, PLLC**

Alan M. Presel, NC Bar #24470
8757 Red Oak Boulevard, Suite 150
Charlotte, NC 28217
Telephone: 704-643-0290 ext. 1009
Facsimile: 704-553-7225
Email: Alan.Presel@BrockandScott.com
*Attorneys for Defendants Brock & Scott, PLLC and K. Saanval Amin*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brian Green,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Brock & Scott, PLLC; K. Saanval Amin,<br><br>　　　　　　　Defendants. | CASE NO. 3:19-CV-00075- KDB |

## CERTIFICATE OF SERVICE

This is to certify that on this date the undersigned has electronically filed the foregoing **Answer to Second Amended Complaint** with the Clerk of Court using the CM/ECF system. This is to further certify that on this date the undersigned has served, or caused to be served, the foregoing upon *pro se* Plaintiff by placing a copy of the same in a postage paid envelope addressed to the person hereafter named, return address clearly indicated, to the place and address stated below, which is the last known address, and by depositing said envelope in the U.S. Mail:

> Brian Green
> 113 Indian Trial Road North, Suite 280
> Indian Trial, NC 28079
> *Pro Se* Plaintiff

Respectfully submitted this 3rd day of July, 2020.

> /s/ Alan M. Presel
> Alan M. Presel, NC Bar #24470
> BROCK & SCOTT, PLLC
> 8757 Red Oak Blvd., Suite 150
> Charlotte, NC  28217
> Telephone:  704-643-0290
> Facsimile: 704-553-7225
> Alan.Presel@brockandscott.com
> *Attorneys for Defendants Brock & Scott, PLLC and K. Saanval Amin*

19-07676 CXLIT01