IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00075-KDB

BRIAN GREEN,

    Plaintiff,

v.

BROCK & SCOTT, PLLC; K. SAANVAL AMIN,

    Defendants.

ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Reconsideration (Doc. No. 44) and Third Motion to Dismiss (Doc. No. 46). The Court has carefully considered this motion and the parties' briefs and exhibits, with due regard for the fact that Plaintiff is appearing *pro se*. For the reasons discussed below, the Court will **GRANT** both motions and dismiss this action in its entirety.

## I.     LEGAL STANDARD

Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). While the Federal Rules of Civil Procedure do not specifically contain a "motion for reconsideration," such motions, however, are allowed in certain, limited circumstances. The power to reconsider or modify interlocutory rulings is committed to the discretion of the district

1

court. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir.1991). Further, "the clear policy of the Rules is to encourage dispositions of claims on their merits …." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012).

The complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual

2

enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009).

The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id*. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, the standard for evaluating the sufficiency of the pleading is more flexible for *pro se* plaintiffs. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citation omitted). Notwithstanding the court's obligation to liberally construe a *pro se* plaintiff's allegations, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

II. FACTS AND PROCEDURAL HISTORY

3

Prior to June 2018, Plaintiff incurred an alleged debt on a credit card issued by Wells Fargo Bank, N.A. and subsequently defaulted on that credit card account. (Doc. No. 33 (Second Amended Complaint) at ¶¶ 12, 14), On August 23, 2018, Wells Fargo, through its counsel Defendant Brock & Scott, PLLC ("BS"), commenced legal proceedings regarding that alleged $7,053.68 credit card debt. A Civil Summons was issued and a State Court Complaint was filed in a North Carolina state court lawsuit styled "Wells Fargo Bank, N.A. v. Brian Green," Case No. 18 CVD 2151 (Union County) (the "State Court Lawsuit"). (*Id*. at ¶ 16; 1-2).

BS attempted to serve the Summons and Complaint on Plaintiff at 113 Indian Trail Rd N Ste 280, Indian Trail, NC 28079 (the "Indian Trail Address"), but was unsuccessful. A Sheriff's Return of Service notes that Plaintiff was not served because "The address doesn't exist." (Doc. No. 47-1 at Exhibit 3). BS then obtained an alternate address for Plaintiff at 2024 Holly Villa Circle, Indian Trail, North Carolina 28079, which Plaintiff acknowledges is his residential address.[1] (Doc. No. 33, p. 10 at ¶ 2). On October 8, 2018, the Union County Sheriff's Department successfully served Plaintiff at the Holly Villa residence by personally delivering to Plaintiff a copy of the new Civil Summons and Complaint. (Doc. No. 33 at ¶18). Additional related communications were similarly sent to Plaintiff at the Holly Villa address. (Id. at ¶¶ 21-24). Plaintiff alleges that the Complaint and subsequent mailings should not have been sent to the Holly Villa address. Specifically, he contends that doing so violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (the "FDCPA") and committed an "invasion of privacy" in violation of North Carolina state law.

---

[1] Plaintiff also alleges in this affidavit attached to his Second Amended Complaint that another unrelated person with the exact same name also has a residence at the same address, but there is no allegation that Plaintiff informed Defendants of that unusual alleged circumstance.

On February 14, 2019, Plaintiff initiated this action by filing a Complaint against Defendants Wells Fargo Bank, N.A., Brock & Scott, PLLC and K. Saanval Amin (the "Original Complaint"). (Doc. No. 1). On May 6, 2019, and prior to the issuance of any Summonses or any attempted service of the Original Complaint, Plaintiff filed an Amended Complaint (the "First Amended Complaint") against Defendants Wells Fargo and BS, and voluntarily dismissed all claims against Amin. (Doc. No. 8). On June 1, 2019, Wells Fargo and BS filed a Motion to Dismiss the First Amended Complaint (the "First Motion to Dismiss"). (Doc. No. 15).

On August 12, 2019, this Court granted the First Motion to Dismiss, finding that "service on B&S was deficient [and t]he Court therefore lacks jurisdiction over B&S," and dismissed all claims against BS for lack of jurisdiction, dismissed with prejudice claims brought under 15 U.S.C. § 1692g, and dismissed without prejudice claims brought under 15 U.S.C. § 1692c and N.C.G.S. § 75-1.1. (Doc. No. 25, pp. 7, 11). In addition, this Court interpreted "the [First] Amended Complaint to mean that Plaintiff intended to drop his claim against K. Saanval Amin" and directed the Clerk "to terminate K. Saanval Amin as a defendant in this action." (Doc. No. 25, f.n. 1, p. 11).

On August 26, 2019, Plaintiff filed a Notice of Appeal to the United States Court of Appeal for the Fourth Circuit with respect to the August 12, 2019 Order granting the First Motion to Dismiss. On January 23, 2020, the Fourth Circuit Court of Appeals issued its Opinion regarding Plaintiff's appeal. The Fourth Circuit's Opinion affirmed this "[C]ourt's order dismissing with prejudice [Plaintiff's] claims against Appellee Brock & Scott, PLLC for insufficient service of process and his claim pursuant to 15 U.S.C. § 1692(g) (2018) against all of

the Appellees," and remanded the remaining claims to this Court to, in the discretion of this Court, "either afford [Plaintiff] Green another opportunity to amend or dismiss these claims with prejudice, thereby rendering the dismissal order a final appealable judgment." (Opinion, pp. 2, 3). On February 3, 2020, on remand, this Court entered an Order which afforded "Plaintiff another opportunity to amend his complaint and stated that such amended complaint must contain a 'short and plain statement of the claim' showing that Plaintiff is entitled to relief against remaining Defendant Wells Fargo Bank, N.A." (citations omitted) (Doc. No. 31, p. 2).

On March 2, 2020, Plaintiff filed a Second Amended Complaint (the "Second Amended Complaint") which expressly "removes Defendant Wells Fargo Bank, N.A. from Original Complaint, First Amended Complaint, and adds Defendant K. Saanval Amin to Second Amended Complaint." (Doc. No. 33, ¶ 1). On March 25, 2020, Wells Fargo, BS and Amin filed a Motion to Strike and/or Dismiss (the "Motion to Strike") on the grounds that Plaintiff was not granted leave of this Court to further amend the First Amended Complaint with respect to either Defendant BS or Defendant Amin. (Doc. No. 36). On June 19, 2020, by Order this Court granted in part and denied in the part Defendants' Motion to Strike and allowed this action to proceed with respect to Plaintiff's claims under 15 U.S.C. §§ 1692c and 1692e against Defendants BS and Amin (the "Order"). (Doc. No. 43).

On July 3, 2020, Defendants filed a Third Motion to Dismiss the Second Amended Complaint (the "Third Motion to Dismiss") and a Motion to Reconsider the Order (the "Motion to Reconsider"). These motions are now ripe for decision.

### III. DISCUSSION

#### A. Motion for Reconsideration

By their Motion for Reconsideration, Defendants in effect seek to clarify that the Court's June 19, 2020 Order (Doc. No. 43), which allows Plaintiff's claims in the Second Amended Complaint to proceed past Defendants' Motion to Strike (Doc. No. 36), did not intend (and ought not have the effect) to prohibit Defendants from filing a Rule 12 motion to dismiss that complaint. Further and alternatively, they ask the Court to rule that their Third Motion to Dismiss is timely filed. Defendants are correct in their interpretation of the intended effect of the June 19, 2020 Order, and the Court will exercise its discretion to find that good cause and the interests of justice require that Defendants have an opportunity to seek to dismiss the Second Amended Complaint and that their Third Motion to Dismiss has been timely filed.

In denying Defendants' Motion to Strike and generally allowing Plaintiff's Second Amended Complaint to proceed, the Court sought to have the parties' dispute decided on the merits rather than on procedural or technical arguments. However, in giving the *pro se* Plaintiff every benefit of the doubt so that he would have a *second* day in court through his Second Amended Complaint, the Court did not intend to deny Defendants an opportunity to defend themselves and, if appropriate, seek to dismiss Plaintiff's claims by a Rule 12 motion. Rather, the Court's intent was, and remains, that the Plaintiff's claims should be decided on the merits, without procedural or technical matters unnecessarily limiting either party from having their arguments heard in favor of or opposed to those claims. Accordingly, Defendants' Motion for Reconsideration will be granted and their Third Motion to Dismiss deemed timely filed to the extent that Plaintiff argues otherwise.

    **B.**     **Third Motion to Dismiss**

7

In their Third Motion to Dismiss, Defendants ask the Court to dismiss each of the five claims alleged by Plaintiff in the Second Amended Complaint. That complaint alleges four causes of action for violation of the FDCPA (Counts I-IV) and one count alleging "Invasion of Individual Privacy" (Count V). As explained below, none of the counts state a claim based on the Plaintiff's allegations so Defendants' motion will be granted.

Count I asserts that "Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third party after receiving multiple written correspondence from Mr. Green with his legal mailing address." The FDCPA provides that:

> [e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). Plaintiff contends that he has sufficiently alleged a claim under Section 1692c(b) by alleging that packages mailed to him at his residential address where he was served with the summons and complaint violates the statute because a "third party [also] named Brian Green" opened the packages, which were addressed to Plaintiff. The Court disagrees. While the FDCPA is intended to protect consumers from misleading, unfair or unnecessarily embarrassing collection efforts, Plaintiff has not cited any authority (and none could be found)

8

for holding a debt collector liable for mailing a properly marked envelope[2] to a consumer in his own name.

The mere fact, as alleged by Plaintiff, that another person with the same name as the Plaintiff may, unknown to the Defendants, also reside at the Residence does not mean that Defendants may be subject to liability under the FDCPA for sending communications to Plaintiff at his residential address. Indeed, such a rule would effectively prohibit the mailing of debt collection communications to consumers. Further, even in the absence of the unlikely scenario of two unrelated people with the same name living together at the same address, there is always a risk with a mailed letter that someone other than the person to whom the communication is intended might open the envelope.[3] However, the FDCPA specifically contemplates mailed communications to consumers, with appropriate safeguards. *See* 15 U.S.C. §§ 1692f (7)–(8).

Plaintiff has failed to allege that he notified Defendants that the Residence is an improper address, that a third party with the same name also resides at the Residence, and/or that Defendants should cease communications with Plaintiff at his residence. Plaintiff's allegations that the communications were returned to BS indicating a refusal of delivery,

---

[2] The FDCPA contains limitations on the information related to debt collection that can be included on a mailed envelope containing communications seeking to collect a debt, but Plaintiff has not alleged that Defendants' mailings violated those rules. *See* 15 U.S.C. §§ 1692f(7)–(8) (restricting what information debt collectors may put on the outside of mailing envelopes).

[3] Although telephone messages and other oral communications raise different and complex issues not present here, the Court finds instructive a FTC Staff Commentary stating, "[a] debt collector does not violate [the provision related to third parties] when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard." FTC Staff Commentary on the FDCPA, 53 Fed.Reg. 50104 (Dec. 13, 1988).

9

standing alone, do not make Defendants liable under the FDCPA and again no legal authority has been cited in support of this assertion. In sum, Defendants mailed their communications information to Plaintiff at the address where he resided and where he was served by the Union County Sheriff's Department after the sheriff determined that the other address Plaintiff claims to be his legal residence "did not exist." Accordingly, Plaintiff has failed to allege sufficient facts for the Court to find that he has plausibly alleged that Defendants violated the FDCPA prohibition regarding communication with a third party. Therefore, Count I will be dismissed.

Count II of the Second Amended Complaint alleges that "Defendants violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Mr. Green." The FDCPA provide that it "is a violation of this section [to] use [] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). However, Plaintiff has not alleged what alleged actions by Defendants he asserts were false or deceptive. If this cause of action is premised upon Plaintiff's assertion that mailings should not have been sent to the Holly Villa Circle residence, then those mailings do not violate the FDCPA as discussed above. Further, there are no other allegations from which the Court can conclude that Plaintiff has plausibly alleged that Defendants used a false representation or deceptive means to collect Plaintiff's debt. Therefore, Count II will be dismissed.

Count III of the Second Amended Complaint alleges that "Defendants violated 15 U.S.C. § 1692g(a)(3) by not communicating with a written notice of an allege [sic] debt and giving Mr. Green thirty days after receipt of notice to dispute the validity of the alleged debt." This Court

10

Case 3:19-cv-00075-KDB   Document 56   Filed 09/21/20   Page 10 of 12

has previously dismissed Plaintiff's § 1692g claim with prejudice. Therefore, Plaintiff's claim under 15 U.S.C. § 1692g may not be again asserted in this action and will be dismissed.

Plaintiff's final FDCPA claim, Count IV, does not assert a substantive claim but rather alleges that Plaintiff suffered out-of-pocket actual damages. While Plaintiff would be entitled under the FDCPA to seek appropriate damages if he established that Defendants violated the Act, Plaintiff's alleged damages do not create a substantive claim under the FDCPA. Section 1692k(a) provides that a debt collector may be liable for actual or additional damages only if such party "fails to comply with any provision of this subchapter." As discussed above, Plaintiff has not sufficiently alleged a plausible violation of the FDCPA; therefore, regardless of any actual damages Plaintiff contends he incurred, Defendants are not liable for such damages based on the insufficiency of the underlying allegations. So, this count will also be dismissed.

Finally, Count V of the Second Amended Complaint alleges that "Defendants continued to mail confidential and financial information to Mr. Green's residential address after learning about Mr. Green's legal mailing address which caused his privacy to be violated causing injuries not limited to low self-esteem, personal humiliation, frustration, anxiety, embarrassment, and mental anguish." However, North Carolina does not recognize such a cause of action, which Plaintiff acknowledges. *See* Doc. No. 54 at p. 10 ("Even though North Carolina does not recognize such a cause of action, Mr. Green wanted the Court to know his privacy was invaded by the action of the Defendants."). Accordingly, Count V must be dismissed.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Reconsideration (Doc. No. 44) is **GRANTED** and the Defendants' Third Motion to Dismiss is deemed timely filed**;**

2. Defendants' Third Motion to Dismiss is **GRANTED**;

3. Plaintiff's claims asserted in the Second Amended Complaint are dismissed with prejudice; and

4. The Clerk is directed to close this matter in accordance with this Order;

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 20, 2020

Kenneth D. Bell
United States District Judge